UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61760-CIV-DIMITROULEAS/SNOW

NESTOR ERMOGENES ARROYO
QUINTEROS, et al.,                                    Magistrate Judge Snow

      Plaintiff,

v.

DYNCORP AEROSPACE OPERATIONS
LLC, a Delaware corporation, DYNCORP
TECHSERVE LLC, a Delaware corporation,
DYNCORP INTERNATIONAL LLC, a
Delaware corporation and DYNCORP, a
Delaware corporation,

      Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT TO THE FIRST-FILED RULE, OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

THIS CAUSE is before the Court upon Defendants, Dyncorp Aerospace Operations LLC,

Dyncorp Techserv LLC, Dyncorp International LLC, and Dyncorp's (Collectively "DynCorp")

Motion to Dismiss or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer

Pursuant to 28 U.S.C. § 1404(a) [DE 27]. The Court has carefully considered the Motion [DE

27], Plaintiffs' Response in Opposition [DE 36], Defendants' Reply [DE 38], the parties'

arguments before the undersigned at the hearing on April 20, 2007, and is otherwise fully advised

in the premises.

### I. BACKGROUND

The central issue before the Court in the instant motion is whether the merits of the above-

styled action should be resolved here, in the Southern District of Florida, or alternatively in the District of Columbia. This case arises from Defendants' conduct in connection with the implementation of "Plan Columbia," and its alleged negative effects on the citizens of Ecuador. Under "Plan Columbia" Defendants have a contract with agencies of the United States and the Columbian government to eliminate, by fumigants sprayed from airplanes, plantations of cocaine and/or heroine poppies in large tracts of the Colombian rainforest owned by private citizens of Columbia. The substantive decisions concerning the aerial eradication program are made either on-site in Columbia or out of Washington D.C. under the direct supervision of the Contracting Officer, based in D.C., and by high ranking government officials up to and including Secretary of State Condoleeza Rice, President George W. Bush, and members of Congress. The Defendants' assert that their contract is highly sensitive and provides that DynCorp is prohibited from disclosing documentation, data, or information concerning "Plan Columbia" without permission from Washington D.C.. DynCorp's International's headquarters are located within 30 minutes of the District of Columbia courthouse, where Defendants argue this case should be litigated.

Plaintiffs in this action are 1,632 individuals, as well as the three Ecuadorian Provinces, Esmereldas, Carchi and Sucumbios. Plaintiffs allege that on or about December 1, 2000 and continuing to the present, the Defendants, pursuant to "Plan Columbia," sprayed toxic chemicals at or near the border between Colombia and Ecuador and that the chemicals ended up in the provinces of Sucumbios, Esmereldas and Carchi, where the Plaintiffs in this action reside. Plaintiffs allege that "Plan Columbia" and the Defendants' contract does not authorize spraying outside Columbian borders and seek to hold Defendants liable for this unauthorized spraying.

Plaintiffs allege that the fumigant used by the Defendants contains water, glyphosate (the

pesticide otherwise known as "Roundup"), and the adjuvants COSMO FLUX-411 and COSMO-iN-D. The label for Roundup warns against contact with the eyes and skin, and warns against application to bodies of water, and contact with food sources. According to the Plaintiffs this unauthorized spraying has caused severe mental, physical and economic damage. Plaintiffs' medical conditions include, but are not limited to, chromosome damage, respiratory illness, visual problems, gastrointestinal problems and skin conditions.

Plaintiffs brought the instant action in the Southern District of Florida alleging violations of the Alien Tort Claims Act, various international conventions and treaties as well as the state common law doctrines of negligence, negligent hiring, negligent supervision, nuisance, trespass, battery, assault, intentional infliction of emotional distress, strict liability and medical monitoring. Plaintiffs seek only damages and specifically assert that they "do not seek to enjoin Defendants from continuing their aerial eradication operations in 'Plan Columbia,' but instead seek to remedy the damages Defendants cause them in Ecuador."

Venue has become an issue because this case is not the only case brought by Ecuadorian citizens allegedly injured by the Defendants' "Plan Columbia" spraying. On September 11, 2001, eleven named plaintiffs brought suit in the United States District Court for the District of Columbia. Arias v. DynCorp. et al., Case No. 1:01-cv-01908 (D.D.C. filed Sept 11, 2001). The Arias case brings largely the same laundry list of claims as the instant action[1] and also seeks damages for the injuries suffered by individual plaintiffs. However, the Arias plaintiffs further

---

[1] In fact, as Defendants point out, large portions of the Complaint in the instant action appear to be directly cut and pasted from the Arias complaint.

seek to enjoin the unauthorized spraying across the border into Ecuador.[2] The Arias case is a

putative class action brought on behalf of some 10,000 Ecuadorians located in the Sucumbios

province of Ecuador, and would, if certified, include many of the Plaintiffs in the instant case.

In their Motion to Dismiss or Transfer, the Defendants argue that the instant case should

be dismissed or transferred to the District of Columbia to be consolidated with the Arias action

either pursuant to the federal first filed rule, or pursuant to 28 U.S.C. § 1404(a) for the

convenience of the parties and in the interests of justice. The Court will discuss each of the

Defendants' contentions in turn.

## II. DISCUSSION

### a. The First Field Rule

The federal first filed rule permits a district court to decline jurisdiction over an action

when a complaint involving overlapping parties and issues has already been filed in another

district. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); Carl v. Republic

Security Bank, 2002 WL 32167730 *3 (S.D. Fla. Jan. 22, 2002); Supreme Int'l Corp. v.

Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997). This rule requires the latter case

to be dismissed in favor of the jurisdiction of district with the first-filed case. Manuel, 430 F.3d at

1135; Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu, 675 F.2d 1169, 1174 (11th Cir.

1982) ("In absence of compelling circumstances, the court initially seized of a controversy should

be the one to decide the case."). "The 'first to file' rule is grounded in principles of comity and

sound judicial administration. 'The federal courts have long recognized that the principle of

---

[2] The Court notes that the Arias complaint does not appear to directly attack "Plan Columbia," but only
seeks to enjoin that spraying which is not authorized under the Plan.

comity requires federal district courts - - courts of coordinate jurisdiction and equal rank - - to exercise care to avoid interference with each other's affairs'" Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) (quoting West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985)).  This rule prevents the duplication or waste of judicial resources and prevents conflicting rulings.  See e.g. Id.; Supreme Int'l, 972 F. Supp. at 606.  The first filed rule does not require that the parties and issues involved be identical.  Only sufficient similarity or substantial overlap is required.  Manuel, 430 F.3d at 1135; Save Power, 121 F.3d at 950; see also Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

In this case Defendants argue that the federal first filed rule compels the dismissal or transfer of the present case to the District of Columbia to be consolidated with the earlier-filed Arias case.  Defendants contend that the claims in the two cases are nearly indistinguishable, that all claims in this case are also currently pending before the D.C. District Court and that large portions of the instant complaint are simply cut and pasted from the complaint in Arias.  Defendants also argue that there is substantial overlap between the parties because many of the individual plaintiffs in the instant action would fall within the putative class, yet to be certified, in Arias.

Plaintiffs counter by trying to distinguish their case from Arias.  Plaintiffs argue that the issues in this case are different because the Arias case has political overtones and poses a direct challenge to "Plan Columbia" whereas this case is a simple tort/personal injury case.  The Plaintiffs also argue that there is no overlap of plaintiffs in this case since none of the 1,632

5

Plaintiffs in the instant action are parties to the Arias case.[3]  Plaintiffs assert that although many of the individuals would be covered by "putative Arias class," that this class will never be certified. Not only is this type of action inappropriate for the class action mechanism, but also the time period for filing a motion for class certification has passed with no motion from the Arias Plaintiffs.  Accordingly, Plaintiffs conclude, the federal first filed rule should not apply.

Ultimately, the Court agrees with the Plaintiffs that the first filed rule does not compel transfer to the District of Columbia.  While the Court doubts that the issues in the Arias case and the case at hand are materially different for purposes of the first filed rule,[4] it is unnecessary to decide that issue because the Court finds that there is no overlap between the plaintiffs in the two cases, making transfer pursuant to the first filed rule inappropriate.

Since Plaintiffs have dropped the four plaintiffs in this case that overlapped with the plaintiffs in the Arias case, no overlapping plaintiffs remain.  Only the Defendants are the same. While complete identity of the parties is not required, Save Power, 121 F.3d at 951, the Eleventh Circuit requires some overlap.  Id.; Manuel, 430 F.3d at 1135.  Defendants cite to Fuller v.

---

[3] On April 13, 2007 the Court granted the Plaintiffs' Motion to drop four of the Plaintiffs in this case who were also named plaintiffs in the Arias case.  Those four Plaintiffs were the only overlapping plaintiffs between the two cases [DE 48].

[4] While the Plaintiffs take great pains to distinguish between the two cases, characterizing this case as merely a personal injury case and the Arias action as a direct challenge to "Plan Columbia," the differences between the two cases are not as glaring as Plaintiffs would have the Court believe.  While the Arias complaint does seek injunctive and declaratory relief, and the instant complaint only seeks damages, the Arias complaint does not seek to enjoin "Plan Columbia" but merely seeks relief from the alleged extra-contractual spraying causing the injuries complained of in both cases.  Both complaints nominally purport to be simply tort cases rather than challenges to the governmental policy behind "Plan Columbia."

In the Plaintiffs' favor, however, the Court notes that the time periods of the two actions differ.  The injuries alleged in Arias are alleged to have occurred due to spraying between January and February of 2002, while the injuries in the instant case are allegedly caused by spraying that began on or about December 1, 2000 and continues into the present.

Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686 (E.D. Tenn. 2005), and Walker v.

Progressive Casualty Insurance Co., 2003 WL 21056704 (W.D. Wash May 9, 2003), for the

proposition that where Plaintiffs in a second action are not named plaintiffs in the first filed action,

but are within the scope of that action's putative class, the first filed rule compels dismissal.

Because the Plaintiffs in the instant case would mostly fall within the putative class in Arias,

Defendants argue that they have satisfied their burden of demonstrating overlapping plaintiffs

between the two cases. However, the Court agrees with the Plaintiffs that the cases cited by

Defendants are readily distinguishable from the case at hand. The Arias case has been pending for

over five years now with no motion to certify a class. The procedure for certifying a class

pursuant to Federal Rule of Civil Procedure 23 is complicated and by no means a sure thing.[5] The

procedures under Rule 23 stand in stark contrast to the requirements of the "opt-in" collective

action provision under the Fair Labor Standards Act ("FLSA").[6] Both Fuller and Walker were

FLSA cases. In a FLSA case, a similarly situated employee has a guaranteed opportunity to "opt-

in" to the collective action, whereas in a nation-wide class action it is much less certain that the

"putative class" named in a complaint will ever materialize into a full-fledged class action. The

Court is not willing to extend Fuller or Walker from the FLSA context to the Rule 23 class action

---

[5] As the Plaintiff points out, the Fifth Circuit has even held that mass tort cases involving highly individualized personal injuries and property damage are not appropriate for the class action mechanism. Steering Committee v. Exxon Mobil, 461 F.3d 598 (5th Cir. 2006).

[6] 29 U.S.C. §216(b) reads: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." This section allows employees who are similarly situated to simply "opt-in" rather than going through the complicated procedures of Rule 23 of the Federal Rules of Civil Procedure.

context.  The putative members of the <u>Arias</u> class simply cannot be considered "overlapping" parties for purposes of the federal first filed rule.  Accordingly, because the Court finds that dismissal or transfer is not required pursuant to the first filed rule, the Court will proceed to address whether it should exercise its discretion to transfer the case to the District of Columbia under 28 U.S.C. § 1404(a).

### b. Transfer Under §1404(a)

The District Court has broad discretion in determining whether to transfer this case to another district pursuant to § 1404(a).  <u>See</u> <u>Thermal Tech., Inc., v. Dade Serv. Corp.</u>, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).  Nevertheless, the moving party bears the burden of demonstrating to the Court that transfer of venue is proper.  <u>Cent. Money Mortgage Co., Inc. vs. Holman</u>, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000).

The law governing the transfer of venue is found in § 1404(a), which provides that for the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006).  The purpose of § 1404(a) is to provide for an "individualized, case-by-case consideration of convenience and fairness," <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622 (1964), in order to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" <u>Id</u>. at 616 (internal citations omitted).  The statute calls for a two-step inquiry.  <u>See</u> <u>Meterlogic, Inc. v. Copier Solutions, Inc.</u>, 185 F. Supp. 2d 1292, 1299 (S. D. Fla. 2002).  First, the court must consider whether the action "might have been brought" in the proposed transferee court and second, whether various factors are satisfied so as to determine if a transfer to the transferee forum is

more convenient and just. Id. In this case both parties agree that the case "might have been brought" in the Southern District of Florida, so the only remaining consideration is whether transfer would serve the convenience of the parties and the interests of justice.

In order to determine whether transfer is appropriate pursuant to § 1404(a), courts consider a variety of factors including: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to the presence of unwilling witnesses; (5) the cost of obtaining the presence of the witnesses; and (6) the public interest." Jewelmasters, Inc. v. May Dep't Stores Co., 840 F. Supp. 893, 895 (S.D. Fla. 1993). This list is not exhaustive, but serves as a guide as to which factors may be relevant in a particular case. These factors as well as others that have been discussed by other courts and briefed by the parties are discussed below.

*1. Plaintiff's Choice of Forum*

One factor generally considered is the plaintiff's choice of forum. While it is true that the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations," Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. 1981), it is also true that where the Plaintiff has chosen a forum that is not their home forum and has little or no connection to the litigation, the defendant seeking transfer will have less difficulty meeting this burden. Thermal Techn., 282 F. Supp. 2d at 1375-76.

Defendants argue that Plaintiffs' choice of forum is entitled to "minimal weight" here, where Plaintiffs are not residents in the chosen forum and the key events giving rise to their claim occurred elsewhere. Cellularvision Tech. & Telecomms., L.P. v. Cellco P'ship, 2006 U.S Dist.

LEXIS 75363, *3 (S.D. Fla. 2006). While Plaintiffs concede that the non-resident Plaintiffs are not entitled to the same degree of deference that a resident Plaintiff would be entitled to, Plaintiffs cite to several *forum non conveniens* opinions holding that less deference is not equal to no deference. See e.g., Murray v. British Broad. Corp., 81 F.3d 287, 290 (2d Cir. 1996) ("some weight must still be given to a foreign plaintiff's choice of forum."); Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000) ("less deference is not the same thing as no deference."). While the Defendants are correct in pointing out that these cases are all *forum non conveniens* cases and do not therefore directly address the § 1404(a) context, the Court finds that the reasoning behind the *forum non conveniens* analysis also applies to the §1404(a) transfer context and is not inconsistent with the §1404(a) cases cited by the Plaintiff. See Cellularvision Tech. & Telecomms, L.P. v. Cellco P'ship, 2006 U.S. Dist. LEXIS 81641, *5-6 (S.D. Fla. July 27, 2006) (citing to *forum non conveniens* law on the issue of the level of deference shown to a foreign plaintiff and stating that "a foreign plaintiffs choice deserves less deference."). Accordingly, the Court finds that the foreign Plaintiffs' choice of forum deserves at least some deference and this factor weighs slightly in favor of the Plaintiffs.

## 2. Convenience of the Parties

Litigation in the Southern District of Florida will be more convenient for the Plaintiffs and less convenient for the Defendants. While this factor is relevant, the Eleventh Circuit has cautioned courts to be wary of transfers that simply seek to shift inconvenience from defendants onto plaintiffs. Robinson, 74 F.3d at 260. Although Defendants do not seek a transfer to their home forum, because Defendants' headquarters are located within 30 minutes of the courthouse in D.C., both parties agree that the District of Columbia is a more convenient forum for the

10

Defendants. However, Defendants dispute that the Southern District of Florida will actually be a more convenient forum for the Plaintiffs.[7] Defendants argue that since the Plaintiffs all reside in Ecuador and will have to fly internationally to reach either the District of Columbia or the Southern District of Florida, both forums are equally inconvenient for the Plaintiffs. However, travel from Ecuador to South Florida is significantly less expensive than from Ecuador to D.C. and necessary translation services are widely available in this largely bilingual community. Accordingly, the Court finds that this factor is a close call. However because the convenience to the Defendants in D.C. will be far greater than the convenience to the Plaintiffs here in the Southern District, the balance is tipped slightly in favor of Defendants.

*3. Convenience of Non Party Witnesses; Cost of Obtaining the Presence of Witnesses and Ease of Access to Sources of Proof*

The convenience of non-party witnesses is an important, if not the most important, factor in determining whether a motion for transfer should be granted. See Meterlogic, 185 F. Supp. 2d at 1301. Once again the Plaintiffs and the Defendants argue that their chosen forum will be more convenient for their witnesses and will more readily provide access to their sources of proof. Defendants argue that all evidence and all persons with knowledge concerning "Plan Columbia," the composition and selection of the glyphosate spray, and the details of Defendants' aerial eradication contract are located in Washington D.C.. The Plaintiffs point out that travel and translation services for the Plaintiffs' trial witnesses such as their medical care providers, family members, and Ecuadorian governmental officials will be more convenient in the Southern District

---

[7] Underlying this argument is the suggestion that the Southern District of Florida was only chosen for the convenience of the Plaintiffs' counsel, whose offices are located here in Fort Lauderdale. Of all the factors to be considered in a § 1404(a) transfer motion, the convenience of counsel is entitled to the least weight. Meterlogic, 185 F. Supp. 2d at 1304.

of Florida.  For the reasons stated above with respect to the convenience of the parties factor, while a close call, the Court finds that this factor also weighs slightly in favor of Defendants.

### 4. The Public Interest

It is in the public interest to avoid the duplication of judicial resources.  The Supreme Court has held that "[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  With respect to the §1404(a) transfer situation, the court in Meterlogic, held that to "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent." 185 F. Supp. 2d at 1303 (quoting Cont'l Grain Co. v. FBL-585, 364 U.S. 19, 26 (1996)).  Although transfer to the District of Columbia is not *compelled* by the first-filed rule, the Court finds that this factor does weigh significantly in the Defendants' favor in the Court's determination concerning whether transfer is appropriate under §1404(a).

Defendant also argues that Washington D.C. has both a greater interest and greater expertise in adjudicating sensitive security matters than does the Southern District of Florida.  At least one other court has held that transfer to D.C. was appropriate for this reason.  See Gherebi v. Bush, 374 F.3d 727 (9th Cir. 2004) (transferring habeas petition filed by alleged foreign Al Qaeda combatant at Guantanamo Bay to the District of Columbia in recognition of that court's experience in addressing such cases.).  However, as the Plaintiffs point out, under their reading of the case, this case is not at all a national security case, but is simply a personal injury case. Nevertheless, the District of Columbia certainly has a stronger interest in this litigation than does the Southern District of Florida and the burden of jury duty "ought not to be imposed upon the

people of a community which has no relation to the litigation." Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990), superseded by statute on other grounds. Accordingly, the Court finds that this factor weighs in favor of Defendants.

*6. Relative Docket Congestion*

Finally, Dyncorp argues that transfer is warranted because a refusal to transfer would delay the time in which this case would go to trial because the relative docket congestion here in the Southern District of Florida is greater than in the District of Columbia. While Plaintiffs point out that this Court's docket is under control and that the Southern District of Florida continues to be a very efficient district despite its heavy case load, this argument misses the point as, based on the statistics provided by the Defendants, the case load in the Southern District is clearly heavier than in the District of Columbia. However, the Court does not consider this factor to be a very weighty one in it balancing act under §1404(a). "Although docket congestion, if proven, may be an appropriate consideration in a § 1404(a) motion to transfer, case law does not suggest that docket congestion is, by itself, a dispositive factor." P&S Bus. Mach., Inc. v. Canon U.S.A., Inc., 331 F.3d 804, 808 (11th Cir. 2003). The Court finds that relative docket congestion weighs only slightly in favor of the Defendants.

III. CONCLUSION

In sum, each of the factors except for the Plaintiffs' choice of forum weighs in favor of the Defendants and in favor of transfer to the District of Columbia. However, with the exception of the public interest, each of the factors weighs only slightly in favor of transfer. While Washington D.C. is clearly a more convenient forum to try this case than is the Southern District of Florida, were the Plaintiffs not foreign and had the events giving rise to the suit not occurred so far from

13

Florida, it would be a close question as to whether the Defendants had made the showing necessary to overcome the strong presumption in favor of the Plaintiffs' choice of forum. However, because the foreign Plaintiffs' choice is entitled to less deference under the facts and circumstances of this case, the Court finds that the Defendants have satisfied their burden and that transfer pursuant to § 1404(a) is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) [DE 27] is hereby **GRANTED**. The Clerk is directed to **TRANSFER** this action to the United States District Court for the District of Columbia and to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of May, 2007.

Copies furnished to:

William J. Wichmann, Esq.
Matthew J. Meyer, Esq.
Joe G. Hollingsworth, Esq.
Eric G. Lasker, Esq.
Walter J. Lack, Esq.
Thomas V. Girardi, Esq.

WILLIAM P. DIMITROULEAS
United States District Judge

14

*07-1042*
*RWR*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*NESTOR QUINTEROS, ETAL*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**    *99999*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

*DYNCORP AEROSPACE OPERATIONS, ETAL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
~~TRACT OF LAND INVOLVED~~

Case: 1:07-cv-01042
Assigned To : Roberts, Richard W.
Assign. Date : 6/12/2007
Description: PI/Malpractice

*JURY ACTION*

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A.** *Antitrust*

☐ 410 Antitrust

☒ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

☐ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ☐ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

— ☺ —

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

USDCSDF

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1346

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☑ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☑ NO    If yes, please complete related case form.

DATE 6-12-07    SIGNATURE OF ATTORNEY OF RECORD    NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLOSED, LSS

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:06-cv-61760-WPD

Quinteros et al v. Dyncorp Aerospace Operations LLC et al
Assigned to: Judge William P. Dimitrouleas
Lead case: 0:06-cv-61760-WPD   (View Member Cases)
Cause: no cause specified

Date Filed: 11/21/2006
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

### Plaintiff

**Nestor Ermogenes Arroyo Quinteros**
*La Comunidad de Mataje, Province of*
*Esmeraldas, Ecuador, on behalf of*
*himself, as legal guardian of his minor*
*child*

represented by **J. Paul Sizemore**
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
213-977-0211
Email: psizemore@girardikeesse.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
Engstrom Lipscomb & Lack
10100 Santa Monica Boulevard
16th Floor
Los Angeles, CA 90067
310-552-3800
Email: sterrell@elllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
213-977-0211
Email: tgirardi@girardikeese.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
Engstrom Lipscomb & Lack
10100 Santa Monica Boulevard
16th Floor
Los Angeles, CA 90067

310-552-3800
Fax: 552-9434
Email: wlack@elllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
Conrad & Scherer
633 S Federal Highway
8th Floor PO Box 14723
Fort Lauderdale, FL 33302-4723
954-462-5500
Fax: 463-9244
Email: wjw@conradscherer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
Conrad & Scherer
633 S Federal Highway
8th Floor PO Box 14723
Fort Lauderdale, FL 33302-4723
954-847-3311
Email: JLF@conradscherer.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | |
|---|---|
| **Dociteo Sandobal Quinteros**<br>*La Comunidad de Mataje, Province of*<br>*Esmeraldas, Ecuador, on behalf of*<br>*himself, as legal guardian of his minor*<br>*children* | represented by **J. Paul Sizemore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | |
|---|---|
| **Digna Aney Corozo Cortez** | represented by **J. Paul Sizemore** |

*La Comunidad de Mataje, Province of Esmeraldas, Ecuador, on behalf of herself, as legal guardian of her minor children*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | |
|---|---|
| **Dolis Nimia Quintero Cortez** | represented by **J. Paul Sizemore** |

*La Comunidad de Mataje, Province of Esmeraldas, Ecuador, on behalf of herself, as legal guardian of her minor children*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Celina Eugenia Mideros Quintero**
*La Comunidad de Mataje, Province of Esmeraldas, Ecuador, on behalf of herself, as legal guardian of her minor children*

represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mayra Araceli Mancilla Baguis**                represented by **J. Paul Sizemore**
*La Comunidad de Mataje, Province of*                            (See above for address)
*Esmeraldas, Ecuador, on behalf of*                             *LEAD ATTORNEY*
*herself, as legal guardian of her minor*                       *ATTORNEY TO BE NOTICED*
*children*

                                                                **Stephen R. Terrell**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Thomas V. Girardi**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Walter J. Lack**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William J. Wichmann**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Jeff L. Frazier**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Leydis Cortez Sevillano**                represented by **J. Paul Sizemore**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Stephen R. Terrell**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Thomas V. Girardi**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Luisa Cevallos Erazo**                  represented by  **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Silvia Mariana Cortez Quintero**          represented by **J. Paul Sizemore**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Stephen R. Terrell**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Thomas V. Girardi**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Walter J. Lack**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **William J. Wichmann**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jeff L. Frazier**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Jaime Berney Bonilla Simisterra**          represented by **J. Paul Sizemore**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Stephen R. Terrell**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Thomas V. Girardi**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Walter J. Lack**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Paula Guanga**                  represented by  **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Luz Maria Llanos Guanga**              represented by  **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case 1:07-cv-01042-RWR-DAR          Document 1-3        Filed 06/12/2007        Page 9 of 29

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Yaquelin**                    represented by   **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Llanos**                          represented by **J. Paul Sizemore**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Stephen R. Terrell**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Thomas V. Girardi**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Walter J. Lack**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **William J. Wichmann**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Jeff L. Frazier**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mildre Cortez**                          represented by **J. Paul Sizemore**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Stephen R. Terrell**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Thomas V. Girardi**
                                           (See above for address)
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Walter J. Lack**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Daniela Maria Midero Quintero**           represented by   **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Debora Ris**                              represented by   **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Ruiz Midero**                    represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Margarita Quintero Cortez**                represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Clemencia Lastra**                represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Maria Leticia Reasco Quintero**          represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aida Llanos Guanga**                    represented by  **J. Paul Sizemore**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen R. Terrell**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas V. Girardi**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Walter J. Lack**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William J. Wichmann**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jeff L. Frazier**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Alicia Quintero Cortez**         represented by  **J. Paul Sizemore**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen R. Terrell**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas V. Girardi**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Miriam Delgado**                          represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Lauri Quintero**                              represented by **J. Paul Sizemore**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stephen R. Terrell**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Thomas V. Girardi**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Walter J. Lack**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **William J. Wichmann**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Jeff L. Frazier**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosita Bastida Quintero**                     represented by **J. Paul Sizemore**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stephen R. Terrell**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Thomas V. Girardi**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Walter J. Lack**
                                                (See above for address)
                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Monica Carola Montano Quintero**        represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vanesa Montano Quintero**        represented by **J. Paul Sizemore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sanchez Mendieta Emilia Asuncion**                    represented by **J. Paul Sizemore**
*La Comunidad de Perla del Pacifico,*                                      (See above for address)
*Province of Sucumbios, Ecuador, et al.*                                   *LEAD ATTORNEY*
                                                                            *ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**All Plaintiffs**

V.

**Consol Plaintiff**

**Province of Sucumbios, Republic of Ecuador**                represented by  **William J. Wichmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Paul Sizemore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeff L. Frazier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen R. Terrell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas V. Girardi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Walter J. Lack**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Dyncorp Aerospace Operations LLC**               represented by  **Eric G. Lasker**
*a Delaware corporation*                                        Spriggs & Hollingsworth
1350 I Street NW
9th Floor
Washington, DC 20005-3305

202-898-5843
Email: elasker@spriggs.com
*ATTORNEY TO BE NOTICED*

**Joe G. Hollingsworth**
Spriggs & Hollingsworth
1350 I Street NW
9th Floor
Washington, DC 20005-3305
202-898-5842
Email: jhollingsworth@spriggs.com
*ATTORNEY TO BE NOTICED*

**Matthew James Meyer**
DLA Piper US LLP
101 E Kennedy Boulevard
Suite 2000
Tampa, FL 33602
813-222-5939
Fax: 229-1447
Email: matthew.meyer@dlapiper.com
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dyncorp Techserv LLC**             represented by    **Eric G. Lasker**
*a Delaware corporation*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Joe G. Hollingsworth**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Matthew James Meyer**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **William J. Wichmann**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Dyncorp International LLC**         represented by    **Eric G. Lasker**
*a Delaware corporation*                                (See above for address)

*ATTORNEY TO BE NOTICED*

**Joe G. Hollingsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew James Meyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William J. Wichmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dyncorp**                                    represented by **Eric G. Lasker**
*a Delaware corporation*                                     (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                               **Joe G. Hollingsworth**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Matthew James Meyer**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **William J. Wichmann**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2006 | <u>1</u> | COMPLAINT against all defendants Filing fee $ 350. Receipt#: 538774, filed by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez.(cw) (Entered: 11/22/2006) |
| 11/21/2006 | <u>2</u> | Summons Issued as to Dyncorp Techserv LLC. (cw) (Entered: 11/22/2006) |

| 11/21/2006 | <u>3</u> | Summons Issued as to Dyncorp Aerospace Operations LLC. (cw) (Entered: 11/22/2006) |
| 11/21/2006 | <u>4</u> | Summons Issued as to Dyncorp. (cw) (Entered: 11/22/2006) |
| 11/21/2006 | <u>5</u> | Summons Issued as to Dyncorp International LLC. (cw) (Entered: 11/22/2006) |
| 11/22/2006 | <u>6</u> | ORDER OF RECUSAL. Judge James I. Cohn recused. Case reassigned to Judge William P. Dimitrouleas for all further proceedings. Signed by Judge James I. Cohn on 11/22/06. (mb) (Entered: 11/22/2006) |
| 11/27/2006 | <u>7</u> | ORDER requiring counsel to meet, file joint scheduling report and joint discovery report. Signed by Judge William P. Dimitrouleas on 11/27/2006. (ls) (Entered: 11/28/2006) |
| 12/19/2006 | <u>8</u> | MOTION for Leave to Appear *Joe G. Hollingsworth* Pro Hac Vice by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 1/4/2007 (Attachments: # <u>1</u> proposed order)(Meyer, Matthew) (Entered: 12/19/2006) |
| 12/19/2006 | <u>9</u> | MOTION for Leave to Appear *Eric G. Lasker* Pro Hac Vice by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 1/4/2007 (Attachments: # <u>1</u> proposed order)(Meyer, Matthew) (Entered: 12/19/2006) |
| 12/19/2006 | <u>10</u> | Unopposed MOTION for Extension of Time to File Answer re <u>1</u> Complaint,,, by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. (Attachments: # <u>1</u> proposed order)(Meyer, Matthew) (Entered: 12/19/2006) |
| 12/19/2006 | <u>11</u> | ORDER denying <u>8</u> Motion for Leave to Appear Pro Hac Vice, denying <u>9</u> Motion for Leave to Appear Pro Hac Vice. Signed by Judge William P. Dimitrouleas on 12/19/2006. (ls) (Entered: 12/20/2006) |
| 12/19/2006 | <u>12</u> | ORDER granting <u>10</u> Unopposed Motion for Extension of Time to Answer re <u>1</u> Complaint, Dyncorp Aerospace Operations LLC answer due 1/12/2007; Dyncorp Techserv LLC answer due 1/12/2007; Dyncorp International LLC answer due 1/12/2007; Dyncorp answer due 1/12/2007. Signed by Judge William P. Dimitrouleas on 12/19/2006. (ls) (Entered: 12/20/2006) |
| 12/26/2006 | <u>13</u> | MOTION for Attorney Eric G. Lasker to Appear Pro Hac Vice, Filing Fee $75, Receipt #539074. (cw) (Entered: 12/28/2006) |
| 12/28/2006 | <u>15</u> | ORDER granting <u>13</u> Motion to Appear Pro Hac Vice . Signed by Judge William P. Dimitrouleas on December 28, 2006. (wc) (Entered: 12/29/2006) |
| 12/29/2006 | <u>14</u> | AMENDED COMPLAINT *First* against all parties, filed by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia |

Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. (Attachments: # 1 Exhibit list of plaintiffs a# 2 Exhibit list of plaintiffs b)(Wichmann, William) (Entered: 12/29/2006)

| | | |
|---|---|---|
| 01/09/2007 | 16 | MOTION for Attorney Joe G. Hollingsworth to Appear Pro Hac Vice, Filing Fee $75, Receipt #539148. (cw) (Entered: 01/09/2007) |
| 01/09/2007 | 17 | ORDER granting 16 Motion to Appear Pro Hac Vice Name of Attorney Joe G. Hollingsworth for Dyncorp Aerospace Operations LLC, Dyncorp, Dyncorp Techserv LLC and Dyncorp International LLC. Signed by Judge William P. Dimitrouleas on 1/9/2007. (ls) (Entered: 01/10/2007) |
| 01/10/2007 | 18 | Notice of Pendency of Other Action by all defendants (Meyer, Matthew) (Entered: 01/10/2007) |
| 01/10/2007 | 19 | Unopposed MOTION to Consolidate Cases *and Memorandum of Law In Support* by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 1/25/2007 (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Meyer, Matthew) (Entered: 01/10/2007) |
| 01/11/2007 | 20 | CERTIFICATE of Counsel re 19 Unopposed MOTION to Consolidate Cases *and Memorandum of Law In Support* by Matthew James Meyer on behalf of all defendants (Meyer, Matthew) (Entered: 01/11/2007) |
| 01/12/2007 | 21 | AFFIDAVIT of Service for Summons in a civil case served on Dyncorp a Delaware Corporation on 12/4/06, filed by Mayra Araceli Mancilla Baguis, Mildre Cortez, Margarita Quintero Cortez, Carmen Alicia Quintero Cortez, Miriam Delgado, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. (pa) (Entered: 01/16/2007) |
| 01/12/2007 | 22 | AFFIDAVIT of Service for Summons on a civil case served on Dyncorp Techserv LLC on 12/4/06, filed by Mayra Araceli Mancilla Baguis, Mildre Cortez, Margarita Quintero Cortez, Carmen Alicia Quintero Cortez, Miriam Delgado, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. (pa) (Entered: 01/16/2007) |
| 01/12/2007 | 23 | AFFIDAVIT of Service for Summons on a civil case served on Dyncorp International LLC on 12/4/06, filed by Mayra Araceli Mancilla Baguis, Mildre Cortez, Margarita Quintero Cortez, Carmen Alicia Quintero Cortez, Miriam Delgado, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. (pa) (Entered: 01/16/2007) |
| 01/19/2007 | 24 | ORDER granting 19 Unopposed Motion to Consolidate Cases: Case consolidated with 06-61926-CIV-WPD . Signed by Judge William P. Dimitrouleas on 1/19/2007. (ls) (Entered: 01/19/2007) |

| 01/26/2007 | 25 | MOTION for Jeff L. Frazier to Appear Pro Hac Vice, Filing Fee $75, Receipt #539271. (cw) (Entered: 01/29/2007) |
|---|---|---|
| 01/29/2007 | 26 | ORDER granting 25 Motion to Appear Pro Hac Vice Name of Attorney Jeff L. Frazier for Sanchez Mendieta Emilia Asuncion and Nestor Ermogenes Arroyo Quinteros. Signed by Judge William P. Dimitrouleas on 1/29/2007 (ls) (Entered: 01/30/2007) |
| 02/06/2007 | 27 | MOTION to Dismiss 14 Amended Complaint,,, *or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a)* by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 2/21/2007 (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8)Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Meyer, Matthew) (Entered: 02/06/2007) |
| 02/13/2007 | 28 | Plaintiff's MOTION for Extension of Time to File Response/Reply *to Defendants' Motion to Dismiss or Transfer* by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Sanchez Mendieta Emilia Asuncion, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Barthelette, Gregory) (Entered: 02/13/2007) |
| 02/14/2007 | 29 | ORDER granting 28 Motion for Extension of Time to File Response/Reply re 27 MOTION to Dismiss 14 Amended Complaint Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a). Responses due by 3/7/2007Signed by Judge William P. Dimitrouleas on 2/13/2007 (ls) (Entered: 02/14/2007) |
| 02/23/2007 | 30 | MOTION for Walter J. Lack to Appear Pro Hac Vice, Filing Fee $75, Receipt #539465. (cw) (Entered: 02/26/2007) |
| 02/23/2007 | 31 | MOTION for Stephen R. Terrell to Appear Pro Hac Vice, Filing Fee $75, Receipt #539464. (cw) (Entered: 02/26/2007) |
| 02/26/2007 | 32 | ORDER granting 30 Motion to Appear Pro Hac Vice Name of Attorney Walter J. Lack for plaintiffs', granting 31 Motion to Appear Pro Hac Vice Name of Attorney Stephen R. Terrell for plaintiffs'. Signed by Judge William P. Dimitrouleas on 2/26/2007 (ls) (Entered: 02/26/2007) |

| | | |
|---|---|---|
| 02/28/2007 | <u>33</u> | MOTION for Thomas V. Girardi to Appear Pro Hac Vice, Filing Fee $75, Receipt #539496. (cw) (Entered: 03/01/2007) |
| 02/28/2007 | <u>34</u> | MOTION for J. Paul Sizemore to Appear Pro Hac Vice, Filing Fee $75, Receipt #539497. (cw) (Entered: 03/01/2007) |
| 03/01/2007 | <u>35</u> | ORDER granting <u>33</u> Motion to Appear Pro Hac Vice Name of Attorney Thomas V. Girardi for plaintiffs, granting <u>34</u> Motion to Appear Pro Hac Vice Name of Attorney J. Paul Sizemore for plaintiffs. Signed by Judge William P. Dimitrouleas on 3/1/2007 (ls) (Entered: 03/02/2007) |
| 03/07/2007 | <u>36</u> | RESPONSE in Opposition re <u>27</u> MOTION to Dismiss <u>14</u> Amended Complaint,,, *or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a)* filed by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Province of Sucumbios, Republic of Ecuador, Maria Luisa Cevallos Erazo, Sanchez Mendieta Emilia Asuncion, Silvia Mariana Cortez Quintero, Maria Paula Guanga, Luz Maria Llanos Guanga, Carmen Llanos, Mildre Cortez, Daniela Maria Midero Quintero, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. (Wichmann, William) (Entered: 03/07/2007) |
| 03/13/2007 | <u>37</u> | Plaintiff's MOTION Drop pursuant to Rule 21, Fed.R.Civ.P. by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Province of Sucumbios, Republic of Ecuador, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Sanchez Mendieta Emilia Asuncion, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Barthelette, Gregory) (Entered: 03/13/2007) |
| 03/14/2007 | <u>38</u> | RESPONSE in Support re <u>27</u> MOTION to Dismiss <u>14</u> Amended Complaint,,, *or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a)* filed by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. (Meyer, Matthew) (Entered: 03/14/2007) |
| 03/16/2007 | <u>39</u> | Unopposed MOTION to Consolidate Cases *and Memorandum of Law in Support* by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 3/30/2007 |

Case 1:07-cv-01042-RWR-DAR     Document 1-3     Filed 06/12/2007     Page 27 of 29

(Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Meyer, Matthew) (Entered: 03/16/2007)

| 03/19/2007 | 40 | ORDER granting 39 Motion to Consolidate Cases. The Clerk shall administratively close case number 07-60311-Civ-Dimitrouleas. All pending motions in regard to case number 07-60311-Civ-Dimtrouleas shall be incorporated into case number 06-61760-Civ-Dimitrouleas. Signed by Judge William P. Dimitrouleas on 3/19/07. (pa) Modified on 3/19/2007 (pa). (Entered: 03/19/2007) |

| 03/19/2007 | 41 | Notice of Docket Correction: Added that 07-60311-Civ-Dimtrouleas shall be closed adminstratvely. All pending motions in regard to case number 07-60311-Civ shall be incorporated into case number 06-61760-Civ re 40 Order on Motion to Consolidate Cases, (pa) (Entered: 03/19/2007) |

| 03/21/2007 | 42 | MOTION for Hearing on Motion to Transfer/Dismiss by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Province of Sucumbios, Republic of Ecuador, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Sanchez Mendieta Emilia Asuncion, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Wichmann, William) (Entered: 03/21/2007) |

| 03/21/2007 | 43 | ORDER Setting Hearing as to 42 MOTION for Hearing on Motion to Transfer/Dismiss, 27 MOTION to Dismiss 14 Amended Complaint,or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a). Motion Hearing set for 4/6/2007 09:30 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas.Signed by Judge William P. Dimitrouleas on 3/21/2007.(ls) (Entered: 03/21/2007) |

| 03/22/2007 | 44 | MOTION to Continue Request Alternate Hearing Date Motion to Dismiss/Transfer Hearing by Celina Eugenia Mideros Quintero, Mayra Araceli Mancilla Baguis, Province of Sucumbios, Republic of Ecuador, Maria Leydis Cortez Sevillano, Maria Luisa Cevallos Erazo, Sanchez Mendieta Emilia Asuncion, Silvia Mariana Cortez Quintero, Jaime Berney Bonilla Simisterra, Maria Paula Guanga, Luz Maria Llanos Guanga, Maria Yaquelin, Carmen Llanos, Nestor Ermogenes Arroyo Quinteros, Mildre Cortez, Daniela Maria Midero Quintero, Debora Ris, Julia Ruiz Midero, Margarita Quintero Cortez, Maria Clemencia Lastra, Maria Leticia Reasco Quintero, Aida Llanos Guanga, Carmen Alicia Quintero Cortez, Miriam |

Delgado, Dociteo Sandobal Quinteros, Lauri Quintero, Rosita Bastida Quintero, Monica Carola Montano Quintero, Vanesa Montano Quintero, Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp, Digna Aney Corozo Cortez, Dolis Nimia Quintero Cortez. Responses due by 4/5/2007 Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Wichmann, William) (Entered: 03/22/2007)

| 03/23/2007 | 45 | ORDER Re-setting Hearing as to 42 MOTION for Hearing on Motion to Transfer/Dismiss, 27 MOTION to Dismiss 14 Amended Complaint or Transfer Pursuant to the First-Filed Rule or, in the Alternative, to Transfer Pursuant to 28 U.S.C. 1404(a). Motion Hearing reset for 4/20/2007 11:00 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas.Signed by Judge William P. Dimitrouleas on 3/23/2007.(ls) (Entered: 03/23/2007) |
|---|---|---|
| 04/05/2007 | 46 | ORDER TO SHOW CAUSE as to 37 Plaintiff's MOTION to Drop pursuant to Rule 21, Fed.R.Civ.P.. Responses due by 4/13/200.7Signed by Judge William P. Dimitrouleas on 4/5/2007.(ls) (Entered: 04/05/2007) |
| 04/12/2007 | 47 | RESPONSE to 46 Order, Set Motion and R&R Deadlines/Hearings filed by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. (Meyer, Matthew) (Entered: 04/12/2007) |
| 04/13/2007 | 48 | ORDER granting 37 Motion to Drop Plaintiffs Saritama Eras Laura Estela, Tanguila Andy Satiago Domingo, Lalangui Daysi Margoth and Castillo Alvarez Jose Antonio. Signed by Judge William P. Dimitrouleas on 4/13/2007. (ls) (Entered: 04/13/2007) |
| 05/10/2007 | 50 | TRANSCRIPT of Hearing Proceedings held on 4/20/07 @11:38 a.m. before Judge William P. Dimitrouleas. Court Reporter: Bob Ryckoff 1-48 pages.. (bg) (Entered: 05/14/2007) |
| 05/11/2007 | 49 | Unopposed MOTION to Consolidate Cases *and Memorandum of Law in Support* by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp. Responses due by 5/25/2007 (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6)Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Meyer, Matthew) (Entered: 05/11/2007) |
| 05/18/2007 | 51 | ORDER consolidating the actions and administratively closing case number 07-60550-CIV-WPD, granting 49 Motion to Consolidate Cases. Signed by Judge William P. Dimitrouleas on 5/18/07. Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(hd) (Entered: 05/22/2007) |
| 05/22/2007 | 52 | NOTICE by Dyncorp Aerospace Operations LLC, Dyncorp Techserv LLC, Dyncorp International LLC, Dyncorp *of Ruling in Arias Litigation in D.C. Federal District Court* (Attachments: # 1 Exhibit A)Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(Meyer, Matthew) (Entered: 05/22/2007) |

| | | |
|---|---|---|
| 05/22/2007 | <u>53</u> | ORDER granting <u>27</u> Motion to Dismiss or Transfer; this matter transferred to District of Columbia; case closed.Signed by Judge William P. Dimitrouleas on 5/22/07. Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(hd) (Entered: 05/23/2007) |
| 05/23/2007 | <u>54</u> | Transmittal Letter Sent With certified copy of transfer order and certified copy of docket sheet, To: District of Columbia Associated Cases: 0:06-cv-61760-WPD,0:06-cv-61926-WPD(hd) (Entered: 05/23/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 06/12/2007 17:14:54 | | |
| **PACER Login:** | us3871 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:06-cv-61760-WPD |
| **Billable Pages:** | 17 | **Cost:** | 1.36 |

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **NESTOR ERMOGENES ARROYO QUINTEROS, ET AL.** | |
| Plaintiff(s), | |
| vs. | **Civil Case No.  07-1042 (RWR)** |
| **DYNCORP AEROSPACE OPERATIONS LLC,** et al., Defendants. | |

## <u>NOTICE REGARDING EXHIBIT</u>

Pursuant to the procedures for filing documents electronically, as outlined in the

previous Order of the Court, this Notice serves as notification that an exhibit,

has been filed in paper form in a the Clerk's Office.  It is available for public viewing

and copying between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.


**NANCY MAYER-WHITTINGTON**

Clerk