IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nestor Emogenes Arroyo Quinteros, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>DynCorp, *et al*. )<br><br>Defendants. ) | Case Number: 1:07-CV-01042 (RWR) |

**DEFENDANTS' UNOPPOSED SECOND MOTION FOR ENLARGEMENT OF TIME
TO FILE ANSWERS OR MOTIONS IN RESPONSE TO PLAINTIFFS' COMPLAINTS,
INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT THEREOF</u>**

The defendants in this case: DynCorp Aerospace Operations LLC, DynCorp Techserve LLC, DynCorp International LLC, and DynCorp (collectively "DynCorp International") hereby move for an additional 45 day enlargement in the date by which they are required to file their answers or other motions or pleadings in response to the *Quinteros* plaintiffs' complaints in this case. The requested enlargement would make such pleadings or motions due on August 6, 2007, which is the same date that defendants' answer or motion will be due in the closely related case, *Arias et al v. DynCorp*, No. 1:01CV01908 (RWR) if DynCorp International's pending motion for enlargement is granted in the *Arias* case.[1]

This is the defendant's second motion for enlargement. Plaintiffs' counsel previously consented to a short enlargement until June 22, 2007, in order to give plaintiffs'

---

[1] Defendant's counsel contacted plaintiffs' counsel about this anticipated motion. On June 21, 2007, *Quinteros* counsel William Wichmann advised defendant's counsel Eric Lasker that the *Quinteros* plaintiffs do not oppose this requested enlargement.

counsel additional time to consider whether they would agree to: (1) an enlargement of time until August 6 to respond to their complaints, and (2) an anticipated motion to consolidate the *Quinteros* cases with the *Arias* case. DynCorp International's motion to consolidate *Quinteros* and *Arias* is being filed this same day.

Good cause exists for this requested enlargement for several reasons:

1.	The defendant's motion to consolidate *Quinteros* and *Arias* explains the nearly completely overlapping issues of fact and issues of law in those cases. The Court should have time to consider and rule on that motion before answers or other dispositive motions are filed here. It would likewise be a fruitless exercise to require the defendant to respond to each of the four *Quinteros* complaints before the Court rules on DynCorp International's request that the plaintiffs be ordered to file one consolidated complaint.[2]

2.	Without coordination from the outset of responsive pleadings, discovery, and other Rule 26 requirements in these related actions, the parties and the Court will likely waste significant time and resources in duplicative efforts in the different cases. Consolidation will facilitate Rule 26 discussions and disclosures, discovery and briefing scheduling, and other pre-trial and trial activities, as well as promoting judicial economy by not requiring duplicative discovery and motions by the parties in these closely related cases, as also set forth in more detail in DynCorp International's motion to consolidate. Plainly, there is insufficient time to advance such discussions and coordination without an extension of defendant's answer date.

---

[2] Before the *Quinteros* case was transferred to this District, three other substantially similar cases had been consolidated with *Quinteros* by the U.S. District Court for the S.D. of Florida. These were brought by three provinces of the Republic of Ecuador: the Province of Sucumbios, the Province of Esmereldas and the Province of Carchi, each of which share a border with Colombia. Thus, the newly transferred *Quinteros* case is itself a consolidation of four previously-filed complaints against the same defendants, each based on the same alleged actions by DynCorp International.

3.      Although *Quinteros and Arias* involve common questions of law and fact, there are differences in the complaints as presently styled that will significantly complicate any effort to proceed piecemeal with these cases. For example, the *Arias* complaint is styled as a class action while the *Quinteros* complaint filed by over 1600 individual residents of Ecuador is styled as a mass tort claim action on behalf of those individuals. Indeed, plaintiffs' counsel in *Quinteros* have taken the position that class treatment is not appropriate for the claims brought against DynCorp International in all the related cases.[3] Yet, plaintiffs' counsel in *Arias* has recently stated his intention both to continue pursuit of the class claims and to amend his complaint to add new paragraphs pertaining to class allegations.

4.      During this period of flux, it would be unfair to require DynCorp International to respond to the four *Quinteros* complaints when these cases are likely to be consolidated with *Arias*. Case law supports an enlargement of time under these circumstances. *See In re Salter,* 1993 WL 366363 (6th Cir. 1993) (unpublished) (reversing the District Court's denial of a motion for enlargement based on the party's desire to first consolidate three related cases before filing a brief that would apply to all three cases); *Bay State Health Sys. v. Thompson,* 254 F. Supp. 2d 80, 82 (D.D.C. 2003) (Court order invited defendant to file plenary motion for enlargement of time to respond to the complaints in a newly consolidated action); *Clark v. USDA-RHS*, No. 106cv394, 2007 WL 610666 (W.D.N.C. Feb. 23, 2007) (extending answer date in light of the Court's consolidation of related cases); *Longman v. Physicians Resource Group, Inc.*, 2003 WL 22244675 (N.D. Tex. 2003) (while a motion to consolidate was pending, the Court extended

---

[3] In a recent hearing in the *Quinteros* case before it was transferred to this Court, counsel to the *Quinteros* plaintiffs argued that the plaintiffs' request in *Arias* for class treatment was improper, stating: "[W]e don't believe it can ever [be] certified as a class . . . ." Transcript of April 20, 2007 hearing at p. 35.

3

defendant's answer date to 45 days after the filing of an amended consolidated complaint). The same kind of enlargement is appropriate in this case.

5.     There have been significant factual developments that directly address the conclusions reached by this Court in its May 21, 2007 opinion in *Arias*, which granted in part and denied in part DynCorp International's motion to dismiss the *Arias* case, which is directly relevant to this *Quinteros* case. In particular, this Court held that plaintiffs' allegations that glyphosate spray drifted into Ecuador were outside the scope of "Plan Colombia" (which targets drug crops *in Colombia* only), and accordingly these claims did not constitute nonjusticiable political questions. However, the same allegations of cross-border drift are now reportedly a direct focus of dispute between Colombia and Ecuador. A few months ago, Ecuador recalled its ambassador from Colombia in protest of the alleged personal injury and property damage from the purported herbicide drift from Plan Colombia – claims that Colombia has sharply contested. But just weeks ago, the Ecuadorian ambassador returned and Ecuador and Colombia reportedly made some progress in by discussing a possible joint commission to investigate the cross-border drift allegations. The *Quinteros* complaints (as well as the related *Arias* complaint) accordingly will require this Court to hear and address the same factual allegations that now are the subject of these international disputes and discussions.

Thus, another reason for the requested enlargement is to provide DynCorp International with adequate time to evaluate plaintiffs' complaints in *Quinteros* and in *Arias* (or perhaps newly amended complaints or a new consolidated complaint) in light of these recent factual

developments.  This is particularly appropriate considering this Court's focus on plaintiffs' cross-border drift allegations in its May 21, 2007 opinion in *Arias*.[4]

6. Finally, the requested enlargement is also necessary to provide DynCorp with adequate time to consult with the U.S. State Department, which, under the terms of DynCorp International's contract governing its work in "Plan Colombia," must authorize any statements made by DynCorp International regarding its Plan Colombia spraying operations.  The State Department must also review and clear any documents related to DynCorp International's work before they may be released for use or discovery in this litigation.  DynCorp has commenced discussions with the State Department, and it appears that this will be a careful but slow process as the *Quinteros* and *Arias* cases proceed.

**Conclusion**

For the reasons set forth above, defendant DynCorp International respectfully requests an additional 45 day enlargement of the date by which it must file its answers or other appropriate

---

[4] While there might be some question whether the Court's May 21, 2007 ruling in *Arias* is binding in *Quinteros*, defendants will not be filing the same motion in *Quinteros* that the Court has already considered in *Arias*.  However, as this Court has held, DynCorp International plainly would be entitled to bring a new dispositive motion to dismiss as long as its motion does not rehash arguments already addressed by the Court.  *See Lindsey v. United States,* 448 F.Supp. 2d 37, 54-57 (D.D.C. 2006) (permitting successive Rule 12(b)(6) motions raising different issues because the defense of failure to state a claim may be raised up to and including at trial); *Butler v. Fairbanks Capital,* No. Civ. A. 04-0367 (RMU), 2005 WL 5108537 **2-3 (D.D.C. Jan. 3, 2005) (permitting a second motion to dismiss because "the events giving rise to the second motion did not occur until Fairbanks filed the first motion" and because there was no repetition of arguments or undue delay); *Campbell-El v. District of Columbia*, 881 F.Supp. 42, 43 (D.D.C. 1995) (defendant permitted to bring second 12(b)(6) motion where it was not "repeating arguments on which the Court has already substantively ruled"); *Donnelli v. Peters Sec. Co.,* 2002 WL 2003217, at *4 (D. Ill. Aug. 29, 2002) (agreeing to resolve a second Rule 12(b)(6) motion because it would "narrow the scope of this matter, greatly expediting resolution of the case").

motions or pleadings in response to the *Quinteros* complaints, which will be August 6, 2007.[5]  If a new amended or consolidated complaint is filed, defendant requests that its answer or other appropriate motion be due 60 days after the filing of an amended or a consolidated complaint.  A proposed order that would grant these requests is submitted for the Court's consideration.

Dated:  June 22, 2007                                   Respectfully submitted:

/s/ Rosemary Stewart
Joe G. Hollingsworth (D.C. Bar # 203273)
Katharine R. Latimer (D.C. Bar # 405137)
Eric G. Lasker (D.C. Bar # 430180)
Rosemary Stewart (D.C. Bar # 204438)
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

Attorneys for the Defendants
DynCorp International, *et al*.

---

[5] DynCorp International has already filed a motion to similarly enlarge the date for filing its answer or other appropriate motion in *Arias,* which motion is pending.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Defendant's Unopposed Second Motion for Enlargement were sent by e-mail this 22nd day of June 2007 to the following attorneys who were counsel to the *Quinteros* plaintiffs when the case was pending in the S.D. of Florida before it was transferred to this Court (no attorneys have yet entered appearances for the plaintiffs in this Case No. 1:07CV01042 (RWR) in this Court):

>William J. Wichmann, Esq.
>Jeff Frazier, Esq.
>Conrad & Scherer
>633 S. Federal Highway – 8th Fl.
>P.O. Box 14723
>Fort Lauderdale, Florida 33702-4723
>
>J. Paul Sizemore, Esq.
>Thomas V. Girardi, Esq.
>Girardi & Keese
>1126 Wilshire Boulevard
>Los Angeles, California 90017
>
>Stephen R. Terrell, Esq.
>Walter Lack, Esq.
>Engstrom Lipscomb & Lack
>10100 Santa Monica Blvd. – 16th Floor
>Los Angeles, California 90067

>/s/ Rosemary Stewart
>Rosemary Stewart
>Counsel to DynCorp International

475137v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nestor Emogenes Arroyo Quinteros, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DynCorp, *et al.* <br><br> Defendants. | Case Number: 1:07-CV-01042 (RWR) |

**ORDER**

Having considered Defendants' Unopposed Second Motion for Enlargement of Time to File Answers or Motions in Response to Plaintiffs' Complaints, it is hereby

ORDERED: That defendants shall file their answer, motions or other pleadings in response to plaintiffs' complaint on or before August 6, 2007. If the plaintiffs file an amended or a consolidated complaint in this case, then defendants shall file their answer, motions or other pleadings in response to that amended or consolidated complaint within 60 days of its filing.

Dated: _____     _____
                                  Richard W. Roberts
                                  United States District Judge

475480v1