IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NESTOR QUINTEROS, *et al.*,

      Plaintiffs,

v.                        CIVIL ACTION NO.: 07 1042 (RWR)

DYNCORP AEROSPACE
OPERATIONS, *et al.*

      Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE CASES

Plaintiffs hereby file this response opposing in part defendants' request to consolidate their cases with the Arias case for all purposes and in support thereof, show the following:

1. There cannot be a consolidated complaint without a resolution of the class certification issues.

Each case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts, with close attention to whether the anticipated benefits of a consolidated complaint outweighs potential prejudice to the parties. Consolidation of related cases for pre-trial purposes is a procedural device designed to promote judicial economy; however, consolidation cannot effect a physical merger of the actions or affect the defenses of the separate parties. *Katz v. Reality Equities Corp. of N.Y.*, 521 F.2d 1354, 58 (2nd Cir. 1975).

The class complaint in *Arias*, the personal injury complaint in *Quinteros*, and the provincial claims each present unique legal issues. It is imperative to the parties and the Court that everyone involved know whether or not part of this action will proceed as a class action as soon as possible. That determination should be made on the class allegations as set forth in the *Arias* complaint. Whether there is a viable class action

will necessarily impact the drafting of a "consolidated complaint" and will shape the pre-trial proceedings of this case.

Furthermore, there are Plaintiffs in the *Quinteros* actions who are not part of the putative class action. Specifically, the provincial Plaintiffs are not class members. Their claims and damages are unique from the personal injury Plaintiffs and do not present any danger of double recovery. *See State of New Mexico v. General Electric Co.*, 467 F.3d 1223, 1247-1248 (10th Cir. 2006) (holding that a governmental entity may only recover damages for which it has a pecuniary interest and may not recover damages which could rightfully be recovered individually by its citizens).

2. Consolidation for all purposes is unworkable.

The *Quinteros* Plaintiffs are not opposed to consolidation of these cases for pre-trial discovery and motion practice under a rational case scheduling order. At the same time, given the different remedies, different geographic locations of the Plaintiffs, different physical injuries, and different damages of the various Plaintiffs and Plaintiffs' groups, consolidation for "all purposes" and one unified "consolidated complaint" is unworkable. A blanket order of consolidation "for all purposes" and an order that certain Plaintiffs accept the allegations of other groups of Plaintiffs via a "master" consolidated complaint could severely impact these litigants due process rights. *U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216-214 (D.C. Cir. 2003) ("purpose" and scope of consolidation order can impact finality of rulings in one or more actions, appellate rights, and, therefore, due process rights of consolidated litigants).

Given the disparate injuries and remedies sought by: 1) the class; 2) the personal injury Plaintiffs; and 3) the provincial Plaintiffs, it is unlikely that these groups can be tried together. The only true commonality between these groups is that DynCorp is the common defendant and there will likely be overlapping liability evidence. As far as

causation and damages the proof for each of these Plaintiff classes may vary substantially.

For pre-trial purposes, these cases may be related because they will likely involve common issues of fact with respect to liability. LCvR 40.5 (a)(3)(ii). For pleading and trial purposes, these cases do not meet the requirements for being related. Different property, property interests, and damages are involved; different facts with respect to damages and causation will be present; Plaintiffs from different provinces will have different factual underpinnings to their liability case and all Plaintiffs will have different facts as to causation and damages; and this is not a patent case. LCvR 40.5(a)(3).

3. Case Scheduling Proposal

Plaintiffs submit the following as a proposed outline for moving forward:

    A.    Class Discovery

Class discovery is permitted on a *limited* and *expedited* basis (for example, for something on the order of 90 days). During this time, Plaintiffs are permitted to conduct general liability discovery of DynCorp. The parties will meet and confer on Plaintiff questionnaires in lieu of written interrogatories.

    B.    Class Certification Motion

A filing date and briefing schedule be implemented for the class certification motion, with the matter to be submitted in the fall.

    C.    Questionnaire/Trial Plaintiff Selection

An orderly and realistic schedule to submit completed Plaintiff questionnaires is established. Plaintiffs select a group of trial Plaintiffs.

    D.    Trial Plaintiffs/Discovery Stay

The Court finalizes the list of first wave trial plaintiffs. All discovery not pertaining to these plaintiffs' claims is stayed.

E. Discovery/Pre-trial

Expert disclosures and discovery. Fact witness discovery. Discovery of first wave trial plaintiffs. Dispositive motions as to the trial plaintiffs.

F. Pre-trial Conference

All motions pertaining to the first wave trial plaintiffs are heard.

G. Trial

Trial of the first group of Plaintiffs.

H. "Evaluation"

The parties and the Court are to assess whether the results of the first trial allow global resolution of the personal injury Plaintiffs. If appropriate, a second wave trial is scheduled. Alternatively, the provincial cases are set for trial.

WHEREFORE, Plaintiffs respectfully request that Defendants' Motion to Consolidate Cases be denied to the extent that it calls for consolidation for all purposes and requests the court to enter an order directing defendants to answer the complaint and setting forth a case management order as described above.

Dated: June 6, 2007                             Respectfully submitted,

                                                _____
                                                R. STEPHEN BERRY
                                                D.C. Bar No. 234815
OF COUNSEL [Not Admitted                        BERRY & LEFTWICH
In This Court]:                                 1717 Pennsylvania Ave., N.W.
WILLIAM R. SCHERER, III                         Suite 450
Fla. Bar No.: 041671                            Washington, D.C. 20006
bs@conradscherer.com                            Ph:   (202) 296-3020
CONRAD & SCHERER, LLP                           Fax:  (202) 296-3038
633 South Federal Highway                       sberry@berry-leftwich.com
Fort Lauderdale, Florida 33301
Ph:   (954) 847-3374
Fax:  (954) 463-9244

                                                Attorneys for Plaintiffs

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2007, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              R. STEPHEN BERRY

## SERVICE LIST

CIVIL ACTION NO.: 07 1042 (RWR)

William J. Wichmann
Conrad & Scherer, LLP
P.O. Box 14723
Fort Lauderdale, FL 33302
Telephone: (954) 462-5500
Facsimile: (954) 463-9244
Email: wjw@conradscherer.com
Counsel for Plaintiffs

Walter J. Lack
Stephen R. Terrell
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd.
16th Floor
Los Angeles, CA 90067
Telephone: (310) 552-3800
Facsimile: (310) 552-9434
Counsel for Plaintiffs

Thomas V. Girardi
J. Paul Sizemore
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554
Counsel for Plaintiffs

Matthew J. Meyer
DLA Piper US LLP
101 East Kennedy Boulevard, Ste. 2000
Tampa, Florida 33602
Telephone: (813) 229-2111
Facsimile: (813) 229-1447
Email: matthew.meyer@dlapiper.com
Counsel for Defendants

Joe G. Hollingsworth
Eric G. Lasker
Rosemary Stewart
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005-3305
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Email: elasker@spriggs.com
       jhollingsworth@spriggs.com
       rstewart@spriggs.com
Counsel for Defendants

R. Stephen Berry
Berry & Leftwich
1717 Pennsylvania Ave., N.W.
Suite 450
Washington, D.C. 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038
Email: sberry@berry-leftwich.com
Counsel for Plaintiffs