**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nestor Emogenes Arroyo Quinteros, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 07CV01042 (RWR) |
| | ) |
| DynCorp Aerospace Operations LLC., *et al.* | ) Consolidated with Case No. 01CV1908 |
| | ) (RWR) for case management and discovery |
| Defendants. | ) purposes |
| | ) |
| | ) |
| | ) |

**DEFENDANTS' ANSWER**

Defendants DynCorp Aerospace Operations LLC, DynCorp International LLC and

DynCorp (collectively "DynCorp International" or "the defendants") hereby file their answer,

paragraph by paragraph, to the allegations set out in the Consolidated Complaint filed in the four

consolidated *Quinteros* cases on August 29, 2007 (hereafter the "*Quinteros* complaint" or the

"complaint"). The other named defendant, DynCorp Techserve LLC, is not an entity known to

the remaining defendants and is believed to have been identified in error.

I.    Introduction – Nature of the Action

1.       The first sentence of Paragraph 1 of the *Quinteros* complaint requires no answer because

it simply identifies the alleged basis for the plaintiffs' claims. Nonetheless, DynCorp

International admits that it has acted pursuant to its contracts with the United States government

to assist with the aerial eradication of coca and poppy plants in the Republic of Colombia, and

DynCorp International denies the remaining allegations in that sentence.

The second, third and fourth sentences of Paragraph 1 are denied.

II.    Jurisdiction and Venue

2.    The defendants deny the first and second sentences of Paragraph 2.

3.    In response to the first sentence of Paragraph 3, the defendants admit that this Court has diversity jurisdiction based on the alleged controversy between citizens and instrumentalities of a foreign state and the defendants, each of which is a citizen of a state in the United States of America ("USA").

The defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 3, but deny that the plaintiffs are entitled to any damages.

4.    The first and second sentences of Paragraph 4 are asserted legal conclusions to which no answer is required.  Nonetheless, the defendants admit that venue properly lies in this Court to the extent that it has subject matter jurisdiction.

III.    Parties

5.    The first sentence of Paragraph 5 requires no answer because it simply states the history of this suit.  Nonetheless, the defendants deny that they caused "personal injury and property damage" to any of the Individual Plaintiffs.

The defendants admit the second, third, and fourth sentences of Paragraph 5.

6.    The first (only) sentence of Paragraph 6 requires no answer, but the defendants acknowledge that they have received a copy of the Appendix A to the *Quinteros* Complaint, which purports to list the names of Individual Plaintiffs who allegedly live in the Province of Sucumbios and in the Province of Esmeraldas.

7.    In response to the first sentence of Paragraph 7, the defendants admit that the Provincial Plaintiffs are 3 of the 22 provinces in Ecuador, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

In response to the second sentence of Paragraph 7, the defendants deny that the Provincial Plaintiffs may properly bring this lawsuit in a "parens patrie capacity on behalf of their citizens and residents," and defendants further deny that the Provincial Plaintiffs have any valid claims "in their own right."

The defendants deny the third sentence of Paragraph 7.

8.    In response to the first and second sentences of Paragraph 8, the defendants admit that DynCorp is a Delaware corporation with its principal place of business in El Segundo, California, but the defendants deny the remainder of the first sentence and the entirety of the second sentence because the stated facts were correct prior to 2003 but are no longer correct today.

9.    The defendants deny the first (only) sentence of Paragraph 9, but point out that DynCorp Aerospace Operations LLC was previously a wholly owned subsidiary of DynCorp.

10.    The defendants deny the first, second, third, fourth and fifth sentences of Paragraph 10 of the *Quinteros* complaint because there is no company known as "DynCorp Techserv LLC."

In response to the sixth sentence of Paragraph 10, the defendants admit that DynCorp International LLC now manages the contractor's aerial eradication responsibilities under its contract with the U.S. Department of State, but deny that such activities are "harmful," deny that they "caused injury to Plaintiffs," and deny the other allegations in that sentence.

11.    The defendants admit the first sentence of Paragraph 11, but with the clarification that DynCorp International LLC's executive offices are now in Falls Church, Virginia.

The defendants deny the second sentence of Paragraph 11, but point out that DynCorp International LLC was previously a wholly owned subsidiary of DynCorp, but it ceased to be in 2005.

3

In response to the third sentence of Paragraph 11, the defendants admit that DynCorp International LLC now manages the contractor's aerial eradication responsibilities under its contract with the U.S. Department of State, but deny that such activities are "harmful," deny that they "caused injury to Plaintiffs," and deny the remaining allegations in that sentence.

12.     The defendants deny the first, second and third sentences of Paragraph 12.

IV.     <u>Background Facts</u>

13.     In response to the first sentence of Paragraph 13, the defendants admit that the United States undertook to assist the Republic of Colombia in eradicating illegal coca and poppy crops and disrupting and eliminating illegal drug production in Colombia as part of the international war on drugs, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

The defendants admit the second sentence of Paragraph 13.

The defendants are without sufficient knowledge or information to admit or deny the third sentence of Paragraph 13.

14.     With respect to the first sentence of Paragraph 14, the defendants admit that one aspect of Plan Colombia is the aerial eradication of coca and poppy plants in Colombia, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

In response to the second sentence of Paragraph 14, the defendants admit that the U.S. Department of State entered into Contract No. S-OPRAQ-98-C-0051 with DynCorp Aerospace Technology (then a division of DynCorp) in 1998, and admit that this contract had as one of its many provisions the aerial eradication of coca and poppy plants in Colombia, but the defendants deny the remaining allegations in that sentence.

In response to the third sentence of Paragraph 14, the defendants admit that the U.S. Department of State entered into Contract No. S-AQMPD-05-C1103 with DynCorp International, LLC in 2005, and admit that this contract has one of its many provisions the continuation of the aerial eradication of coca and poppy plants in Colombia, but the defendants deny the remaining allegations in that sentence.

15.    With respect to the first sentence of Paragraph 15, the defendants admit that the above-identified contracts do not expressly refer to the spraying of herbicides in Ecuador, but the defendants deny the remaining allegations in that sentence.

The defendants deny the second sentence of Paragraph 15.

The defendants are without sufficient knowledge or information to admit or deny the third sentence of Paragraph 15, which appears to be missing words.

The defendants deny the fourth sentence of Paragraph 15.

16.    The defendants are without sufficient knowledge or information to either admit or deny the first (only) sentence of Paragraph 16.

17.    The defendants admit the first sentence of Paragraph 17 (except that the word "third" should be "half").

In response to the second sentence of Paragraph 17, the defendants admit that most of the remainder of the border is delineated by additional rivers, as marked on some maps and on aerial charts.

18.    In response to the first (only) sentence of Paragraph 18, the defendants are aware that most of the border between Colombia and Ecuador consists of rivers, and the defendants have been advised as to the location of the rest of the border between those countries, but the defendants deny the remainder of the allegations in that sentence.

19.     In response to the first sentence of Paragraph 19, the defendants admit that from at least December 2000 to the present, they carried out their contractual responsibilities to assist with the aerial eradication of coca and poppy plants in Colombia pursuant to their contracts with the U.S. government, and the defendants deny the remaining allegations in that sentence.

The defendants deny the second sentence of Paragraph 19.

20.     The defendants deny the first (only) sentence of Paragraph 20.

21.     The defendants deny the first and second sentences of Paragraph 21.

22.     The defendants are without sufficient knowledge or information to either admit or deny the first and second sentences of Paragraph 22, except that DynCorp International admits that it carried out its contractual responsibilities to assist with the aerial eradication of coca and poppy plants in Colombia.

23.     The defendants deny the first sentence of Paragraph 23 and deny each numbered subsection within that first sentence of Paragraph 23.

The defendants deny the second sentence of Paragraph 23 and deny each numbered subsection within that second sentence of Paragraph 23.

24.     The defendants deny the first, second and third sentences of Paragraph 24, except that the defendants admit that there have been periodic designations of no-spray areas along the Ecuadorian/Colombian border and elsewhere in Colombia since at least 2000.

25.     The defendants deny the first sentence of Paragraph 25.

The defendants admit that the aerial spraying performed as part of Plan Colombia has received both critical and laudatory media (not "medial") attention.

The defendants deny the third sentence of Paragraph 25.

26.     In response to the first sentence of Paragraph 26, the defendants admit that the aerial eradication work in Colombia utilized a glyphosate-based herbicide, and the defendants deny the remaining allegations in that sentence.

The second sentence of Paragraph 26 is admitted.

The third and fourth sentences of Paragraph 26 are denied.

27.     The defendants are without sufficient knowledge or information to either admit or deny the first (only) sentence of Paragraph 27.

28.     The defendants are without sufficient knowledge or information to admit or deny the first sentence of Paragraph 28.

The defendants deny the second sentence of Paragraph 28.

29.     The defendants deny the first (only) sentence of Paragraph 29.

30.     The defendants deny the first sentence of Paragraph 30.

The defendants are without sufficient knowledge or information to either admit or deny the second, third and fourth sentences of Paragraph 30; nonetheless, the defendants deny the scientific accuracy of the purported "studies" and purported results of studies described in Paragraph 30.

31.     The defendants deny the first and second sentences of Paragraph 31, and specifically deny that defendants caused any injury to plaintiffs or that the defendants are liable for any damages resulting from their conduct.

32.     The defendants admit the first sentence of Paragraph 32.

The defendants deny the second, third and fourth sentences of Paragraph 32.

33.     The defendants deny the first, second, third and fourth sentences of Paragraph 33.

V.      Defendants' Violations of International Law

[ ]     Defendants deny that they violated any international law(s).

7

A.    <u>International Common Law</u>

34.    Paragraph 34 states only a series of legal conclusions to which no answer is necessary, nonetheless the defendants deny that the statements contained in the Paragraph 34 correctly describe established and recognized principles of international law, and for this reason, they are each denied.

35.    The defendants deny that Paragraph 35 correctly states a "specific, universal, and obligatory norm of international law."

36.    The defendants deny that Section 601 of the Restatement (Third) of Foreign Relations Laws of the United States is correctly described or summarized in Paragraphs 35 and 36 of the *Quinteros* complaint.  For this reason, the defendants deny both sentences in Paragraph 36 of the complaint.

37.    The defendants deny the first (only) sentence of Paragraph 37.

38.    The defendants deny the first (only) sentence of Paragraph 38.

39.    In response to the first, second and third sentences of Paragraph 39, the defendants admit that herbicides were sometimes sprayed as part of Plan Colombia during the day within one mile of the Ecuadorian border in order to eradicate illegal coca crops in that area of Colombia, but defendants deny all other allegations within those sentences.

The defendants deny the fourth sentence of Paragraph 39.

40.    The defendants deny the allegations in Paragraph 40.

41.    The defendants deny the allegations in Paragraph 41.

B.    <u>United Nations Convention Against Illicit Traffic in Narcotic Drugs [and] Psychotropic Substances, 1988</u>

42.    The defendants admit the statements in Paragraph 42.

43.     The defendants admit that Paragraph 43 correctly quotes one excerpt from the U.N. Convention identified in Paragraph 42 of the *Quinteros* complaint.

44.     The defendants admit that Paragraph 44 correctly quotes another excerpt from the U.N. Convention identified in Paragraph 42.

45.     The defendants admit that Paragraph 45 correctly quotes another excerpt from the U.N. Convention identified in Paragraph 42, except that the word "illicit" in the sixth line of Paragraph 45 should be "licit."

46.     The defendants admit that Paragraph 46 correctly quotes from another excerpt of the U.N. Convention identified in Paragraph 42.

47.     The defendants deny the allegations in Paragraph 47.

C.      Narcotic Drug Bi-Laterals and Multi-Laterals

48.     The defendants are without sufficient knowledge or information to either admit or deny Paragraph 48.

49.     The defendants admit that Paragraph 49 of the *Quinteros* complaint quotes various excerpts from the "Declaration of Cartagena between the United States and other Governments," which was signed on February 15, 1990, by the presidents of Bolivia, Colombia, Peru and the USA.

50.     The defendants admit the statements in Paragraph 50 with the clarification that the Memorandum described therein was signed by the U.S. Ambassador, the Attorney General of Ecuador and the Minister of Foreign Relations of Ecuador.

51.     The defendants admit that Paragraph 51 correctly quotes one excerpt from the 1991 Memorandum described in Paragraph 50.

52.     The defendants deny the allegations in Paragraph 52.

D.    Prohibition of Military or Any Other Hostile Use of Environmental Modification Techniques

53.    The defendants admit the statements in Paragraph 53, but with the clarification that the words "which was later" should be inserted after "May 18, 1977."

54.    The defendants admit that Paragraph 54 quotes one excerpt from the Convention on the Prohibition of Military or Any Other Hostile Use of Environmental Modification Techniques.

55.    The defendants deny the allegations in Paragraph 55.

E.    Rio Declaration on Environment and Development

56.    The defendants admit that Paragraph 56 of the *Quinteros* complaint correctly quotes one excerpt from the Report of the United Nations Conference on Environment and Development, titled "Rio Declaration on Environment and Development" (June 1992).

57.    The defendants deny the allegations in Paragraph 57.

FIRST CAUSE OF ACTION: Torts Committed in Violation of the Laws of Nations and Treaties of the United States, 28 U.S.C. § 1350

58.    Defendants hereby incorporate their answers to Paragraphs 1 through 57 in response to Paragraph 58 of the *Quinteros* Complaint.

59.    The defendants deny the allegations in Paragraph 59.

60.    The defendants deny the allegations in Paragraph 60.

61.    The defendants deny the allegations in Paragraph 61.

62.    The defendants deny the allegations in Paragraph 62.

SECOND CAUSE OF ACTION: Negligence Per Se

63.    Defendants hereby incorporate their answers to Paragraphs 1 through 62 in response to Paragraph 63.

64.    The defendants deny the allegations in Paragraph 64.

65.    The defendants deny the allegations in Paragraph 65.

66.    The defendants deny the allegations in Paragraph 66.

67.    The defendants admit that Paragraph 67 correctly quotes excerpts from the 1988

Convention referenced in Paragraph 42.

68.    The defendants deny the allegations in Paragraph 68.

69.    The defendants admit that Paragraph 69 correctly quotes one excerpt from the referenced

Declaration.

70.    The defendants deny the allegations in Paragraph 70.

71.    The defendants admit that Paragraph 71 correctly quotes from one provision of the

referenced Convention.

72.    The defendants deny the allegations in Paragraph 72.

THIRD CAUSE OF ACTION: Ordinary Negligence

73.    Defendants hereby incorporate their answers to Paragraphs 1 through 72 in response to

Paragraph 73.

74.    The defendants deny the allegations in Paragraph 74.

75.    The defendants deny the allegations in Paragraph 75, and deny the allegations in each

subsection of said Paragraph 75.

76.    The defendants deny the allegations in Paragraph 76.

FOURTH CAUSE OF ACTION: Negligent Hiring

77.    Defendants hereby incorporate their answers to Paragraphs 1 through 76 in response to

Paragraph 77.

78.    In response to Paragraph 78, the defendants admit that they contracted with another

company to select, hire and provide the spray plane pilots, and the defendants deny the

remaining allegations in that paragraph.

79.    The defendants deny the allegations in Paragraph 79.

80.    The defendants deny the allegations in Paragraph 80.

FIFTH CAUSE OF ACTION:  Negligent Supervision

81.    The defendants hereby incorporate their answers to Paragraphs 1 through 80 above in response to Paragraph 81.

82.    The defendants deny the first sentence of Paragraph 82.

In response to the second sentence of Paragraph 82, the defendants admit that they supervised their own employees and the defendants deny the remaining allegations in that sentence.

83.    The defendants deny the allegations in Paragraph 83.

84.    The defendants deny the allegations in Paragraph 84.

85.    The defendants deny the allegations in Paragraph 85.

86.    The defendants deny the allegations in Paragraph 86.

SIXTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress

87.    The defendants hereby incorporate their answers to Paragraphs 1 through 86 above in response to Paragraph 87.

88.    The defendants deny the allegations in Paragraph 88.

89.    The defendants deny the allegations in Paragraph 89.

90.    The defendants deny the allegations in Paragraph 90.

91.    The defendants deny the allegations in Paragraph 91.

SEVENTH CAUSE OF ACTION: Nuisance

92.    The defendants hereby incorporate their answers to Paragraphs 1 through 91 above in response to Paragraph 92.

93.     The defendants deny the allegations in Paragraph 93.

94.     The defendants deny the allegations in Paragraph 94.

95.     The defendants deny the allegations in Paragraph 95.

96.     The defendants deny the allegations in Paragraph 96.

97.     The defendants deny the allegations in Paragraph 97.

EIGHTH CAUSE OF ACTION: Trespass

98.     The defendants hereby incorporate their answers to Paragraphs 1 through 97 above in response to Paragraph 98.

99.     The defendants deny the allegations in Paragraph 99.

100.    The defendants deny the allegations in Paragraph 100.

101.    The defendants deny the allegations in Paragraph 101.

NINTH CAUSE OF ACTION: Battery

102.    The defendants hereby incorporate their answers to Paragraphs 1 through 101 above in response to Paragraph 102.

103.    The defendants deny the allegations in Paragraph 103.

104.    The defendants deny the allegations in Paragraph 104.


TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress

105.    The defendants hereby incorporate their answers to Paragraphs 1 through 104 above in response to Paragraph 105.

106.    The defendants deny the allegations in Paragraph 106.

107.    The defendants deny the allegations in Paragraph 107.

108.    The defendants deny the allegations in Paragraph 108.

109.    The defendants deny the allegations in Paragraph 109.

ELEVENTH CAUSE OF ACTION: Strict Liability

110.    The defendants hereby incorporate their answers to Paragraphs 1 through 109 above in response to Paragraph 110.

111.    The defendants deny the allegations in Paragraph 111.

112.    The defendants deny the allegations in Paragraph 112.

113.    The defendants deny the allegations in Paragraph 113.

TWELFTH CAUSE OF ACTION: Medical Monitoring

114.    The defendants hereby incorporate their answers to Paragraphs 1 through 113 above in response to Paragraph 114.

115.    The defendants deny the allegations in Paragraph 115.

116.    The defendants deny the allegations in Paragraph 116.

117.    The defendants deny the allegations in Paragraph 117.

118.    The defendants deny the allegations in Paragraph 118.

Demand for Jury Trial

[ ]    No answer is required to the *Quinteros* plaintiffs' demand for a jury trial.

Prayer

[ ]    No answer is required to the *Quinteros* plaintiffs' prayer for relief; however, the defendants deny that any of the requested forms of relief are necessary or appropriate in these consolidated *Quinteros* cases.

## DEFENSES BY DEFENDANTS
## DYNCORP INTERNATIONAL, *ET AL*.

Further answering, the defendants interpose the following defenses:

### FIRST DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" were performed pursuant to specifications of the U.S. government and were closely directed, supervised and monitored by the U.S. government such that DynCorp International is not liable for its conduct as a government contractor.

### SECOND DEFENSE

The principle of "derivative sovereign immunity" protects the defendants from liability for their conduct at issue in this case.

### THIRD DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" raise nonjusticiable political questions, which justify the dismissal of the *Quinteros* plaintiffs' entire suit.

### FOURTH DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" are inappropriate for judicial resolution based on the Act of State doctrine.

15

**FIFTH DEFENSE**

The DynCorp International defendants may not be able to fairly and fully defend themselves in this suit based on the U.S. government's claims of confidentiality or "military and state secrets" regarding documents that are necessary to prove the defendants' lack of responsibility or culpability for the claims made against them in this suit.

**SIXTH DEFENSE**

The *Quinteros* plaintiffs have failed to properly state a claim under the Alien Tort Statute, 28 U.S.C. § 1350, which their complaint calls the Alien Tort Claims Act.

**SEVENTH DEFENSE**

The *Quinteros* plaintiffs have failed to properly state a claim under any of the international laws, treaties, conventions, declarations, memoranda or international agreements identified in the *Quinteros* complaint.

**EIGHTH DEFENSE**

The *Quinteros* plaintiffs' assertion of state law tort claims is preempted by federal law.

**NINTH DEFENSE**

The *Quinteros* complaint improperly relies upon the "common law" of Ecuador, Virginia, Texas and Delaware, none of which properly apply to the allegations in the *Quinteros* complaint.

**TENTH DEFENSE**

The aerial spraying of herbicides as part of "Plan Colombia" did not and could not cause the injuries or other harms claimed by the Individual Plaintiffs and/or by the Provincial Plaintiffs in the *Quinteros* complaint.

**ELEVENTH DEFENSE**

If the Individual Plaintiffs or the Provincial Plaintiffs suffered injury or damages as alleged, which is denied, such injuries were caused by factors other than the aerial spraying of herbicides as part of "Plan Colombia."  Such other causes included diseases, poor living conditions, illegal drug cultivation and production and the terrorist groups that support them, and/or numerous other factors that are not related in any way to the aerial spraying of herbicides in Colombia, and therefore such other factors constitute an independent, intervening and sole proximate cause of any injury or damage to the *Quinteros* plaintiffs.

**TWELFTH DEFENSE**

The Individual Plaintiffs' claims for personal injuries are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by exposure to the herbicide sprayed by defendants, which is denied, were the result of each plaintiff's idiosyncratic reactions to the herbicide.

## THIRTEENTH DEFENSE

Insofar as the defendants may be held liable for any of the *Quinteros* plaintiffs' claims, any such liability shall be reduced or eliminated under the principles of indemnity, contribution, or similar doctrines.

## FOURTEENTH DEFENSE

The Individual and the Provincial Plaintiffs' injuries, if any, were solely and proximately caused, or were contributed to, by those plaintiffs' own negligence or fault, and any recovery by plaintiffs must be barred completely or reduced accordingly.

## FIFTEENTH DEFENSE

DynCorp International does not and did not owe a duty to any of the plaintiffs in this case.

## SIXTEENTH DEFENSE

The *Quinteros* plaintiffs failed to mitigate their damages, if any, which accordingly limits each plaintiff's damages in whole or in part.

## SEVENTEENTH DEFENSE

An award of punitive damages against the defendants in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution.

## EIGHTEENTH DEFENSE

An award of punitive damages against the defendants would violate the "excessive fines" clause of the Eighth Amendment of the U.S. Constitution.

## NINETEENTH DEFENSE

The *Quinteros* complaint fails to name indispensable parties and, therefore, must be dismissed. Alternatively, the case should be stayed pending resolution of the issues raised by the lack of indispensable parties.

## TWENTIETH DEFENSE

The *Quinteros* plaintiffs' tort claims are barred because the aerial spraying of herbicides as part of "Plan Colombia" constitutes combatant activities in the United States' continuing war against drugs and terrorism.

## TWENTY-FIRST DEFENSE

The *Quinteros* plaintiffs' battery claims fail because the alleged acts by DynCorp International, which are denied, were not intentional and DynCorp International's actual conduct was lawful.

## TWENTY-SECOND DEFENSE

The *Quinteros* plaintiffs' intentional infliction of emotional distress claims fail because the alleged acts by DynCorp International, which are denied, were not intentional or reckless and DynCorp International's actual conduct was lawful.

## TWENTY-THIRD DEFENSE

The *Quinteros* plaintiffs' negligent infliction of emotional distress claims fail because plaintiffs merely observed alleged injury to third persons, were not in the "zone of danger," and did not fear for their own safety.

## TWENTY-FOURTH DEFENSE

The *Quinteros* plaintiffs' negligence per se claims fail because there is no statutory standard of care applicable to the alleged acts by DynCorp International.

## TWENTY-FIFTH DEFENSE

The *Quinteros* plaintiffs' negligent hiring and supervision claims fail because the alleged acts by DynCorp International, which are denied, were lawful and proper.

## TWENTY-SIXTH DEFENSE

The *Quinteros* plaintiffs' trespass claims fail because the alleged acts by DynCorp International, which are denied, were not intentional.

## TWENTY-SEVENTH DEFENSE

The *Quinteros* plaintiffs' claims for medical monitoring damages fail because the District of Columbia, Texas, Virginia and Delaware have not expressly recognized such a claim.

## TWENTY-EIGHTH DEFENSE

DynCorp International is not responsible or liable for the actions or omissions of its independent contractors.

## TWENTY-NINTH DEFENSE

Defendants reserve the right to amend their answer and defenses after investigation, discovery, and further information is disclosed to the defendants to enable them to more fully answer the *Quinteros* complaint and defend the claims asserted therein.  Defendants further will rely upon any law or defense that is available to them after the completion of discovery and investigation of this cause.

**WHEREFORE**, DynCorp International respectfully requests that this Court enter judgment in favor of the defendants.

Dated:  September 28, 2007                          Respectfully submitted:

/s/ Rosemary Stewart
Joe G. Hollingsworth (D.C. Bar # 203273)
Eric G. Lasker (D.C. Bar # 430180)
Rosemary Stewart (D.C. Bar # 204438)
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

Attorneys for the Defendants
DynCorp International, *et al*.

482200v2