**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nestor Ermogenes Arroyo Quinteros, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 07CV01042 (RWR) |
| | ) |
| DynCorp Aerospace Operations LLC., *et al.* | ) Consolidated with Case No. 01CV1908 |
| | ) (RWR) for case management and discovery |
| Defendants. | ) purposes |
| | ) |
| | ) |
| | ) |

## DEFENDANTS' ANSWER TO FIRST AMENDED CONSOLIDATED COMPLAINT

Defendants DynCorp Aerospace Operations LLC, DynCorp Aerospace Technology, DynCorp Technical Services LLC, DynCorp and DynCorp International LLC (collectively "DynCorp International" or "the defendants") hereby file their answer, paragraph by paragraph, to the allegations set out in the First Amended Consolidated Complaint filed in the four consolidated *Quinteros* cases on April 3, 2008 (hereafter the "*Quinteros* complaint" or the "complaint"). Another named defendant, DynCorp Techserve LLC, is not an entity known to the other defendants and was apparently identified in error by the defendants. Moreover, the *Quinteros* complaint filed on April 3, 2008, makes no express allegations about DynCorp Techserv LLC or about DynCorp Aerospace Operations LLC, so the defendants assume that the *Quinteros* plaintiffs have implicitly dropped these two entities from their complaint.

I.    Introduction – Nature of the Action

1.    The first sentence of Paragraph 1 of the *Quinteros* complaint requires no answer because it simply identifies the alleged basis for the plaintiffs' claims. Nonetheless, DynCorp International admits that it has acted pursuant to its contracts with the United States government

to assist with the aerial eradication of coca and poppy plants in the Republic of Colombia, and

DynCorp International denies the remaining allegations in that sentence.

The second, third and fourth sentences of Paragraph 1 are denied.

II.     Jurisdiction and Venue

2.     The defendants deny the first and second sentences of Paragraph 2.

3.     In response to the first sentence of Paragraph 3, the defendants admit that this Court has

diversity jurisdiction based on the alleged controversy between citizens and instrumentalities of a

foreign state and the defendants, each of which is a citizen of a state in the United States of

America ("USA").

The defendants are without sufficient knowledge or information to admit or deny the

allegations in the second sentence of Paragraph 3, but deny that the plaintiffs are entitled to any

damages.

4.     The first and second sentences of Paragraph 4 are asserted legal conclusions to which no

answer is required.  Nonetheless, the defendants admit that venue properly lies in this Court to

the extent that it has subject matter jurisdiction.

III.    Parties

5.     The first sentence of Paragraph 5 requires no answer because it simply states the history

of this suit; nonetheless, the defendants deny that they caused "personal injury and property

damage" to any of the Individual Plaintiffs as alleged in that sentence.

The defendants admit the second, third, and fourth sentences of Paragraph 5.

6.     The first and second sentences of Paragraph 6 require no answer, but the defendants

acknowledge that they have received a copy of the Appendix A to the *Quinteros* complaint,

which purports to list the names of Individual Plaintiffs who allegedly live in the Province of

Sucumbios and in the Province of Esmeraldas, and defendants further acknowledge that they

2

received incomplete Rule 26 Initial Disclosures for some of the named Individual Plaintiffs on January 28, 2008.

7.      In response to the first sentence of Paragraph 7, the defendants admit that the Provincial Plaintiffs are 3 of the 22 provinces in Ecuador, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

        In response to the second sentence of Paragraph 7, the defendants deny that the Provincial Plaintiffs may properly bring this lawsuit in a "parens patrie capacity on behalf of their citizens and residents," and defendants further deny that the Provincial Plaintiffs have any valid claims "in their own right."

        The defendants deny the third sentence of Paragraph 7.

8.      The defendants admit the first sentence of Paragraph 8.

        The defendants admit the second sentence of Paragraph 8 (with the clarification that the words "consists" and "accounts" should be in the past tense).

9.      The defendants admit the allegations contained in Paragraph 9 as of the date of the 1998 contract with the U.S. Department of State.

10.     In response to the first sentence of Paragraph 10, the defendants admit that DynCorp Technical Services LLC was a subsidiary (not a division) of DynCorp, operating from Forth Worth, Texas during the term of the 1998 contract.

        The defendants deny the remainder of Paragraph 10.

10a.    The defendants admit the first and second sentences of Paragraph 10a.

        In response to the third sentence of Paragraph 10a, the defendants admit that DynCorp International LLC now manages the contractor's aerial eradication responsibilities under its

contract with the U.S. Department of State, but deny that such activities are "harmful," deny that they "caused injury to Plaintiffs," and deny the remaining allegations in that sentence.

11.     The defendants deny the first, second and third sentences of Paragraph 11.

IV.     <u>Background Facts</u>

12.     In response to the first sentence of Paragraph 12, the defendants admit that the United States undertook to assist the Republic of Colombia in eradicating illegal coca and poppy crops and disrupting and eliminating illegal drug production in Colombia as part of the international war on drugs, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

The defendants admit the second sentence of Paragraph 12.

The defendants are without sufficient knowledge or information to admit or deny the third sentence of Paragraph 12.

13.     With respect to the first sentence of Paragraph 13, the defendants admit that one aspect of Plan Colombia is the aerial eradication of coca and poppy plants in Colombia, but the defendants are without sufficient knowledge or information to admit or deny the remaining allegations in that sentence.

In response to the second sentence of Paragraph 13, the defendants admit that the U.S. Department of State entered into Contract No. S-OPRAQ-98-C-0051 with DynCorp Aerospace Technology (then a division of DynCorp) in 1998, and admit that this contract had as one of its many provisions the contractor's assistance with the aerial eradication of coca and poppy plants in Colombia, but the defendants deny the remaining allegations in that sentence.

In response to the third sentence of Paragraph 13, the defendants admit that the U.S. Department of State entered into Contract No. S-AQMPD-05-C1103 with DynCorp International, LLC in 2005, and admit that this contract has one of its many provisions the

continuation of the contractor's assistance with the aerial eradication of coca and poppy plants in Colombia, but the defendants deny the remaining allegations in that sentence.

14.     With respect to the first sentence of Paragraph 14, the defendants admit that the above-identified contracts do not expressly refer to the spraying of herbicides in Ecuador, but the defendants deny the remaining allegations in that sentence.

The defendants deny the second sentence of Paragraph 14.

The defendants are without sufficient knowledge or information to admit or deny the third sentence of Paragraph 14, which appears to be missing words.

The defendants deny the fourth sentence of Paragraph 14.

15.     The defendants are without sufficient knowledge or information to either admit or deny the first (only) sentence of Paragraph 15.

16.     The defendants admit the first sentence of Paragraph 16.

In response to the second sentence of Paragraph 16, the defendants admit that most of the remainder of the border is delineated by additional rivers, as marked on some maps and aerial charts.

17.     In response to the first (only) sentence of Paragraph 17, the defendants are aware that most of the border between Colombia and Ecuador consists of rivers, and the defendants have been advised as to the location of the rest of the border between those countries, but the defendants deny the remainder of the allegations in that sentence.

18.     In response to the first sentence of Paragraph 18, the defendants admit that from at least December 2000 to the present, they carried out their contractual responsibilities to assist with the aerial eradication of coca and poppy plants in Colombia pursuant to their contracts with the U.S. government, and the defendants deny the remaining allegations in that sentence.

The defendants deny the second sentence of Paragraph 18.

19.     The defendants deny the first (only) sentence of Paragraph 19.

20.     The defendants deny the first and second sentences of Paragraph 20.

21.     The defendants are without sufficient knowledge or information to either admit or deny the first and second sentences of Paragraph 21, except that DynCorp International admits that it carried out its contractual responsibilities to assist with the aerial eradication of coca and poppy plants in Colombia.

22.     The defendants deny the first sentence of Paragraph 22 and deny each numbered subsection within that first sentence of Paragraph 22.

The defendants deny the second sentence of Paragraph 22 and deny each numbered subsection within that second sentence of Paragraph 22.

23.     The defendants deny the first, second and third sentences of Paragraph 23, except that the defendants admit that there have been periodic designations of no-spray areas along the Ecuadorian/Colombian border and elsewhere in Colombia since at least 2000.

24.     The defendants deny the first sentence of Paragraph 24.

In response to the second sentence of Paragraph 24, the defendants admit that the aerial spraying performed as part of Plan Colombia has received both critical and laudatory media attention.

The defendants deny the third sentence of Paragraph 24.

25.     In response to the first sentence of Paragraph 25, the defendants admit that the aerial eradication work in Colombia utilized a glyphosate-based herbicide, and the defendants deny the remaining allegations in that sentence.

The second sentence of Paragraph 25 is admitted.

The third and fourth sentences of Paragraph 25 are denied.

26.    The defendants are without sufficient knowledge or information to either admit or deny the first (only) sentence of Paragraph 26.

27.    The defendants are without sufficient knowledge or information to admit or deny the first sentence of Paragraph 27.

The defendants deny the second sentence of Paragraph 27.

28.    The defendants deny the first (only) sentence of Paragraph 28.

29.    The defendants deny the first sentence of Paragraph 29.

The defendants are without sufficient knowledge or information to either admit or deny the second, third and fourth sentences of Paragraph 29; nonetheless, the defendants deny the scientific accuracy of the purported "studies" and purported results of studies described in Paragraph 29.

30.    The defendants deny the first and second sentences of Paragraph 30, and specifically deny that defendants caused any injury to plaintiffs or that the defendants are liable for any damages resulting from their conduct.

31.    The defendants admit the first sentence of Paragraph 31.

The defendants deny the second, third and fourth sentences of Paragraph 31.

32.    The defendants deny the first, second, third and fourth sentences of Paragraph 32.

V.    Defendants' Violations of International Law

[ ]    Defendants deny that they violated any international law(s).

A.    International Common Law

33.    Paragraph 33 states only a series of legal conclusions to which no answer is necessary, nonetheless the defendants deny that the statements contained in the Paragraph 33 correctly

describe established and recognized principles of international law, and for this reason, they are each denied.

34.      The defendants deny that Paragraph 34 correctly states a "specific, universal, and obligatory norm of international law."

35.      The defendants deny that Section 601 of the Restatement (Third) of Foreign Relations Law of the United States is correctly described or summarized in Paragraphs 34 and 35 of the *Quinteros* complaint.  For this reason, the defendants deny both sentences in Paragraph 35 of the complaint.

36.      The defendants deny the first (only) sentence of Paragraph 36.

37.      The defendants deny the first (only) sentence of Paragraph 37.

38.      In response to the first, second and third sentences of Paragraph 38, the defendants admit that herbicides were sometimes sprayed as part of Plan Colombia during the day within one mile of the Ecuadorian border in order to eradicate illegal coca crops in that area of Colombia, but defendants deny all other allegations within those sentences.

      The defendants deny the fourth sentence of Paragraph 38.

39.      The defendants deny the allegations in Paragraph 39.

40.      The defendants deny the allegations in Paragraph 40.

B.      <u>United Nations Convention Against Illicit Traffic in Narcotic Drugs [and] Psychotropic Substances, 1988</u>

41.      The defendants admit the statements in Paragraph 41.

42.      The defendants admit that Paragraph 42 correctly quotes one excerpt from the U.N. Convention identified in Paragraph 41 of the *Quinteros* complaint.

43.      The defendants admit that Paragraph 43 correctly quotes another excerpt from the U.N. Convention identified in Paragraph 41.

44.    The defendants admit that Paragraph 44 correctly quotes another excerpt from the U.N. Convention identified in Paragraph 41.

45.    The defendants admit that Paragraph 45 correctly quotes from another excerpt of the U.N. Convention identified in Paragraph 41.

46.    The defendants deny the allegations in Paragraph 46.

C.    Narcotic Drug Bi-Laterals and Multi-Laterals

47.    The defendants are without sufficient knowledge or information to either admit or deny Paragraph 47.

48.    The defendants admit that Paragraph 48 of the *Quinteros* complaint quotes various excerpts from the "Declaration of Cartagena between the United States and other Governments," which was signed on February 15, 1990, by the presidents of Bolivia, Colombia, Peru and the USA.

49.    The defendants admit the statements in Paragraph 49 with the clarification that the Memorandum described therein was signed by the U.S. Ambassador, the Attorney General of Ecuador and the Minister of Foreign Relations of Ecuador.

50.    The defendants admit that Paragraph 50 correctly quotes one excerpt from the 1991 Memorandum described in Paragraph 49, but note that the Memorandum referred to the 1988 (not 1998) Convention described in paragraph 41.

51.    The defendants deny the allegations in Paragraph 51.

D.    Prohibition of Military or Any Other Hostile Use of Environmental Modification Techniques

52.    The defendants admit the statements in Paragraph 52.

53.    The defendants admit that Paragraph 53 quotes one excerpt from the Convention on the Prohibition of Military or Any Other Hostile Use of Environmental Modification Techniques.

54.    The defendants deny the allegations in Paragraph 54.

E.    Rio Declaration on Environment and Development

55.    The defendants admit that Paragraph 56 of the *Quinteros* complaint correctly quotes one excerpt from the Report of the United Nations Conference on Environment and Development, titled "Rio Declaration on Environment and Development" (June 1992).

56.    The defendants deny the allegations in Paragraph 56.

FIRST CAUSE OF ACTION: Torts Committed in Violation of the Laws of Nations and Treaties of the United States, 28 U.S.C. § 1350

57.    Defendants hereby incorporate their answers to Paragraphs 1 through 56 in response to Paragraph 57 of the *Quinteros* Complaint.

58.    The defendants deny the allegations in Paragraph 58.

59.    The defendants deny the allegations in Paragraph 59.

60.    The defendants deny the allegations in Paragraph 60.

61.    The defendants deny the allegations in Paragraph 61.

SECOND CAUSE OF ACTION: Negligence Per Se

62.    Defendants hereby incorporate their answers to Paragraphs 1 through 61 in response to Paragraph 62.

63.    The defendants deny the allegations in Paragraph 63.

64.    The defendants deny the allegations in Paragraph 64.

65.    The defendants deny the allegations in Paragraph 65.

66.    The defendants admit that Paragraph 66 correctly quotes excerpts from the 1988 U.N. Convention referenced in Paragraph 41.

67.    The defendants deny the allegations in Paragraph 67.

68.    The defendants admit that Paragraph 68 correctly quotes one excerpt from the referenced Declaration.

69.    The defendants deny the allegations in Paragraph 69.

70.    The defendants admit that Paragraph 70 correctly quotes from one provision of the referenced Convention.

71.    The defendants deny the allegations in Paragraph 71.

THIRD CAUSE OF ACTION: Ordinary Negligence

72.    Defendants hereby incorporate their answers to Paragraphs 1 through 71 in response to Paragraph 72.

73.    The defendants deny the allegations in Paragraph 73.

74.    The defendants deny the allegations in Paragraph 74, and deny the allegations in each subsection of said Paragraph 74.

75.    The defendants deny the allegations in Paragraph 75.

FOURTH CAUSE OF ACTION: Negligent Hiring

76.    Defendants hereby incorporate their answers to Paragraphs 1 through 75 in response to Paragraph 76.

77.    In response to Paragraph 77, the defendants admit that they contracted with another company to select, hire and provide the spray plane pilots, and the defendants deny the remaining allegations in that paragraph.

78.    The defendants deny the allegations in Paragraph 78.

79.    The defendants deny the allegations in Paragraph 79.

FIFTH CAUSE OF ACTION:  Negligent Supervision

80.     The defendants hereby incorporate their answers to Paragraphs 1 through 79 in response to Paragraph 80.

81.     The defendants deny the first sentence of Paragraph 81.

        In response to the second sentence of Paragraph 81, the defendants admit that they supervised their own employees, and the defendants deny the remaining allegations in that sentence.

82.     The defendants deny the allegations in Paragraph 82.

83.     The defendants deny the allegations in Paragraph 83.

84.     The defendants deny the allegations in Paragraph 84.

85.     The defendants deny the allegations in Paragraph 85.

SIXTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress

86.     The defendants hereby incorporate their answers to Paragraphs 1 through 85 in response to Paragraph 86.

87.     The defendants deny the allegations in Paragraph 87.

88.     The defendants deny the allegations in Paragraph 88.

89.     The defendants deny the allegations in Paragraph 89.

90.     The defendants deny the allegations in Paragraph 90.

SEVENTH CAUSE OF ACTION: Nuisance

91.     The defendants hereby incorporate their answers to Paragraphs 1 through 90 in response to Paragraph 91.

92.     The defendants deny the allegations in Paragraph 92.

93.     The defendants deny the allegations in Paragraph 93.

94.     The defendants deny the allegations in Paragraph 94.

95.     The defendants deny the allegations in Paragraph 95.

96.     The defendants deny the allegations in Paragraph 96.

EIGHTH CAUSE OF ACTION: Trespass

97.     The defendants hereby incorporate their answers to Paragraphs 1 through 96 in response

to Paragraph 97.

98.     The defendants deny the allegations in Paragraph 98.

99.     The defendants deny the allegations in Paragraph 99.

100.    The defendants deny the allegations in Paragraph 100.

NINTH CAUSE OF ACTION: Battery

101.    The defendants hereby incorporate their answers to Paragraphs 1 through 100 in response

to Paragraph 101.

102.    The defendants deny the allegations in Paragraph 102.

103.    The defendants deny the allegations in Paragraph 103.

TENTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress

104.    The defendants hereby incorporate their answers to Paragraphs 1 through 103 in response

to Paragraph 104.

105.    The defendants deny the allegations in Paragraph 105.

106.    The defendants deny the allegations in Paragraph 106.

107.    The defendants deny the allegations in Paragraph 107.

108.    The defendants deny the allegations in Paragraph 108.

ELEVENTH CAUSE OF ACTION: Strict Liability

109.    The defendants hereby incorporate their answers to Paragraphs 1 through 108 in response to Paragraph 109.

110.    The defendants deny the allegations in Paragraph 110.

111.    The defendants deny the allegations in Paragraph 111.

112.    The defendants deny the allegations in Paragraph 112.

TWELFTH CAUSE OF ACTION: Medical Monitoring

113.    The defendants hereby incorporate their answers to Paragraphs 1 through 112 in response to Paragraph 113.

114.    The defendants deny the allegations in Paragraph 114.

115.    The defendants deny the allegations in Paragraph 115.

116.    The defendants deny the allegations in Paragraph 116.

117.    The defendants deny the allegations in Paragraph 117.

Demand for Jury Trial

[ ]     No answer is required to the *Quinteros* plaintiffs' demand for a jury trial.

Prayer

[ ]     No answer is required to the *Quinteros* plaintiffs' prayer for relief; however, the defendants deny that any of the requested forms of relief are necessary or appropriate in these consolidated *Quinteros* cases.

## DEFENSES BY DEFENDANTS
## DYNCORP INTERNATIONAL, *ET AL.*

Further answering, the defendants interpose the following defenses:

### FIRST DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" were performed pursuant to specifications of the U.S. government and were closely directed, supervised and monitored by the U.S. government such that DynCorp International is not liable for its conduct as a government contractor.

### SECOND DEFENSE

The principle of "derivative sovereign immunity" protects the defendants from liability for their conduct at issue in this case.

### THIRD DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" raise nonjusticiable political questions, which justify the dismissal of the *Quinteros* plaintiffs' entire consolidated complaint.

### FOURTH DEFENSE

The actions of DynCorp International in connection with the aerial spraying of herbicide as part of "Plan Colombia" are inappropriate for judicial resolution based on the Act of State doctrine.

**FIFTH DEFENSE**

The DynCorp International defendants may not be able to fairly and fully defend themselves in this suit based on the U.S. government's claims of confidentiality or "military and state secrets" regarding documents that are necessary to prove the defendants' lack of responsibility or culpability for the claims made against them in this suit.

**SIXTH DEFENSE**

The *Quinteros* plaintiffs have failed to properly state a claim under the Alien Tort Statute, 28 U.S.C. § 1350, which their complaint calls the Alien Tort Claims Act.

**SEVENTH DEFENSE**

The *Quinteros* plaintiffs have failed to properly state a claim under any of the international laws, treaties, conventions, declarations, memoranda or international agreements identified in the *Quinteros* complaint.

**EIGHTH DEFENSE**

The *Quinteros* plaintiffs' assertion of state law tort claims is preempted by federal law.

## NINTH DEFENSE

The *Quinteros* complaint improperly relies upon the "common law" of Ecuador, Virginia, Texas, Delaware and the District of Columbia, none of which properly apply to the allegations in the *Quinteros* complaint.

## TENTH DEFENSE

The aerial spraying of herbicides as part of "Plan Colombia" did not and could not cause the injuries or other harms claimed by the Individual Plaintiffs and/or by the Provincial Plaintiffs in the *Quinteros* complaint.

## ELEVENTH DEFENSE

If the Individual Plaintiffs or the Provincial Plaintiffs suffered injury or damages as alleged, which is denied, such injuries were caused by factors other than the aerial spraying of herbicides as part of "Plan Colombia." Such other causes included diseases, poor living conditions, illegal drug cultivation and production and the terrorist groups that support them, and/or numerous other factors that are not related in any way to the aerial spraying of herbicides in Colombia, and therefore such other factors constitute an independent, intervening and sole proximate cause of any injury or damage to the *Quinteros* plaintiffs.

## TWELFTH DEFENSE

The Individual Plaintiffs' claims for personal injuries are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by exposure to the herbicide sprayed by defendants, which is denied, were the result of each plaintiff's idiosyncratic reactions to the herbicide.

## THIRTEENTH DEFENSE

Insofar as the defendants may be held liable for any of the *Quinteros* plaintiffs' claims, any such liability shall be reduced or eliminated under the principles of indemnity, contribution, or similar doctrines.

## FOURTEENTH DEFENSE

The Individual and the Provincial Plaintiffs' injuries, if any, were solely and proximately caused, or were contributed to, by those plaintiffs' own negligence or fault, and any recovery by plaintiffs must be barred completely or reduced accordingly.

## FIFTEENTH DEFENSE

DynCorp International does not and did not owe a duty to any of the plaintiffs in this case.

## SIXTEENTH DEFENSE

The *Quinteros* plaintiffs failed to mitigate their damages, if any, which accordingly limits each plaintiff's damages in whole or in part.

## SEVENTEENTH DEFENSE

An award of punitive damages against the defendants in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution.

**EIGHTEENTH DEFENSE**

An award of punitive damages against the defendants would violate the "excessive fines" clause of the Eighth Amendment of the U.S. Constitution.

**NINETEENTH DEFENSE**

The *Quinteros* complaint fails to name indispensable parties and, therefore, must be dismissed. Alternatively, the case should be stayed pending resolution of the issues raised by the lack of indispensable parties.

**TWENTIETH DEFENSE**

The *Quinteros* plaintiffs' tort claims are barred because the aerial spraying of herbicides as part of "Plan Colombia" constitutes combatant activities in the United States' continuing war against drugs and terrorism.

**TWENTY-FIRST DEFENSE**

The *Quinteros* plaintiffs' battery claims fail because the alleged acts by DynCorp International, which are denied, were not intentional and DynCorp International's actual conduct was lawful.

**TWENTY-SECOND DEFENSE**

The *Quinteros* plaintiffs' intentional infliction of emotional distress claims fail because the alleged acts by DynCorp International, which are denied, were not intentional or reckless and DynCorp International's actual conduct was lawful.

19

## TWENTY-THIRD DEFENSE

The *Quinteros* plaintiffs' negligent infliction of emotional distress claims fail because plaintiffs merely observed alleged injury to third persons, were not in the "zone of danger," and did not fear for their own safety.

## TWENTY-FOURTH DEFENSE

The *Quinteros* plaintiffs' negligence per se claims fail because there is no statutory standard of care applicable to the alleged acts by DynCorp International.

## TWENTY-FIFTH DEFENSE

The *Quinteros* plaintiffs' negligent hiring and supervision claims fail because the alleged acts by DynCorp International, which are denied, were lawful and proper.

## TWENTY-SIXTH DEFENSE

The *Quinteros* plaintiffs' trespass claims fail because the alleged acts by DynCorp International, which are denied, were not intentional.

## TWENTY-SEVENTH DEFENSE

The *Quinteros* plaintiffs' claims for medical monitoring damages fail because the District of Columbia, Texas, Virginia and Delaware have not expressly recognized such a claim.

## TWENTY-EIGHTH DEFENSE

DynCorp International is not responsible or liable for the actions or omissions of its independent contractors.

## TWENTY-NINTH DEFENSE

Defendants reserve the right to amend their answer and defenses after investigation, discovery, and further information is disclosed to the defendants to enable them to more fully answer the *Quinteros* complaint and defend the claims asserted therein.  Defendants further will rely upon any law or defense that is available to them after the completion of discovery and their further investigation of this cause.

**WHEREFORE**, DynCorp International respectfully requests that this Court enter judgment in favor of the defendants.

Dated: April 14, 2008                    Respectfully submitted:

/s/ Rosemary Stewart
Joe G. Hollingsworth (D.C. Bar # 203273)
Eric G. Lasker (D.C. Bar # 430180)
Rosemary Stewart (D.C. Bar # 204438)
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

Attorneys for the Defendants
DynCorp International, *et al*.

538433v1