**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ARIAS, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.1:01cv01908-RWR-DAR |
| v. | ) | |
| | ) | |
| | ) | |
| DYNCORP, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |
| QUINTEROS, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.1:07cv01042-RWR-DAR |
| v. | ) | |
| | ) | |
| | ) | (Cases Consolidated for Case |
| | ) | Management and Discovery) |
| | ) | |
| DYNCORP, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DECLARATION OF TERRY COLLINGSWORTH IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY</u>**

I, Terry Collingsworth, declare under penalty of perjury of the laws of the United States as follows:

1. I am a partner with Conrad and Scherer, counsel of record for the Plaintiffs in this litigation. I submit the following information and materials to support Plaintiffs' Opposition to Defendants' Motion to Compel. All of my assertions are based on my personal knowledge, and all of the exhibits were either prepared by me or received by me in the normal course of business.

2. I, with William Scherer III and David Garces of Conrad and Scherer, along with Stephen Terrell of Engstrom, Lipscomb & Lack, represented Plaintiffs in a telephonic meet and confer with Rosemary Stewart and Eric Lasker, counsel for Defendants, on July 18, 2008 related to Plaintiffs' production of responses to an agreed questionnaire. In that discussion, I represented that we had no dispute that the proffered questionnaire responses for the first 800 Plaintiffs had significant glitches due to a technical problem. I explained that we were not entirely sure what the problem was or how long it would take to remedy, but that, essentially, we had all of the raw data in a data base, but could not merge the responses with the questionnaire format. I explained that the initial responses we provided were missing some data due to the glitch, and that many of them were missing the verification by signature or fingerprint. I requested an extension of time of at least 30 days to provide corrected responses. Mr. Lasker, speaking for the Defendants, indicated that he would check with his clients regarding an extension of time and get back to us with a proposal.

3. During the meet and confer, Defendants raised a few additional issues: (a) whether any of the responses could be based on hearsay; (b) whether Plaintiffs must themselves provide dollar-specific damage figures; (c) whether and when Plaintiffs would provide English translations to the questionnaire responses and the initial disclosures; and (d) whether all Plaintiffs must provide detailed information on when they were subjected to fumigations even if certain of them simply had no specific information. With respect to the first 2 issues, the parities did not agree to anything. Counsel for Plaintiffs asserted their position, as a matter of law, that (a) discovery responses certainly can include hearsay, and the sole issue is whether any hearsay would later be admissible evidence and (b) damage estimates are not properly directed at Plaintiffs, particularly in this case, and that such estimates were a matter for expert testimony and

also are a legal conclusion. As to the third issue, (c) counsel for Plaintiffs offered, that while it was not a legal requirement, they would provide in-house translations of the responses to the questionnaires shortly after the Spanish responses were corrected, and that we were open to providing translations of the initial disclosures within a reasonable time frame. With respect to the last issue, (d), counsel for Plaintiffs noted that it was premature to evaluate Plaintiffs' responses on any substantive point, and that issues relating to the adequacy of information on the fumigations should await review of the final responses. Mr. Lasker expressed concern that Defendants did not want to wait for the responses, find them inadequate, and them wait for further supplementation. On behalf of Plaintiffs, I conceded that the responses that would be provided were "final" and that we would not later take the position that we would like to further supplement. Mr. Lasker accepted this concession. No other significant issues were discussed in the meet and confer, and it was concluded with counsel for Defendants agreeing to get back to counsel for Plaintiffs regarding an extension of time to correct the technical problems with the questionnaire responses.

4. On Friday, July 25, a full week after the meet and confer, counsel for Defendants provided Plaintiffs with a proposed consent order. A true and correct copy of the July 25, 2008 transmittal email sent by Rosemary Stewart to Terry Collingsworth, along with the proposed consent order, are attached hereto as **Exhibit 1**. The proposed consent order included a provision for a revised schedule that provided Plaintiffs with the requested 30-day extension to correct the error and provide complete responses to the first 800 questionnaires, *see id.* at 2-3, ¶ 3(a), but it added numerous onerous provisions that were never agreed to by the parties, let alone discussed as part of the meet and confer process. For example, ¶ 2 purports to suspend discovery against

Defendants until Plaintiffs provide English translations to all of the questionnaires; ¶ 5 purports to be an "agreement" that any "inadequacies" to a response subjects that Plaintiff to dismissal with prejudice, regardless of reason; ¶ 3 purports to require Plaintiffs to translate "3,295 questionnaires in 90 days, and that any Plaintiff, regardless of the reason, whose questionnaire is not translated to English within this time frame "will voluntarily dismiss his/her claim." [¶ 3 c].

5. On Saturday, July 26, I sent an email to Ms. Stewart indicating that my co-counsel, Bill Scherer, and I were going to Ecuador to meet with the team doing our field work on Monday [July 28] so that we could assess the scope of the technical problems we were having. A true and correct copy of this July 26, 2008 email is attached hereto as **Exhibit 2**.

6. In fact, Bill Scherer and I did go to Ecuador on Sunday, July 27. We were joined by William Scherer III. All of us stayed until Wednesday July 30, and had a series of meetings with the team doing the field work for us in the Dyncorp case.

7. On Tuesday, July 29, Ms. Stewart sent me an email asking if we had met with our team in Ecuador and if we had a response to the "proposed Consent Order." I replied that same day that we were still meeting and **"[w]e will have a counterproposal by Friday."** A true and correct copy of this July 29, 2008 email exchange is attached hereto as **Exhibit 3** (emphasis added).

8. On Wednesday, July 30,  Ms. Stewart sent me an email in response to my assertion that Plaintiffs were preparing a counterproposal that stated that Defendants would accept no changes to their proposal, and that **"unless we receive your favorable response by COB tomorrow, we shall file the defendants' motion to compel."** A true and correct copy of this July 30, 2008 email is attached hereto as **Exhibit 4** (emphasis added).

9. As promised in my July 29 email (Exhibit 3), I sent an August 1, 2008 letter to Ms. Stewart that offered a specific response to Defendants' proposed consent order. A true and correct copy of this August 1, 2008 letter is attached hereto as **Exhibit 5**.

10. On August 1, 2008, Ms. Stewart replied to me that **"we are unable to accept any of the changes you have proposed . . ."** A true and correct copy of this August 1, 2008 letter is attached hereto as **Exhibit 6** (emphasis added). The reason given, that my proposed changes "would eliminate the specificity needed to assure that the plaintiffs understand what is expected of them" is nonsensical as we made clear to Defendants that we were not going to interview the Plaintiffs again, and we merely needed to transmit already-gathered data to the Defendants.

11. As I had not been served with Defendants' motion to compel when it was filed on Friday, August 1, I was not aware that it had been filed. Consequently, on Saturday, August 2, I sent an email to Ms. Stewart again seeking to clarify that the sole legitimate issue in dispute was a schedule to transmit the completed questionnaires to Defendants once we had resolved the technical problems.  A true and correct copy of this August 2, 2008 email is attached hereto as **Exhibit 7**.

12. On August 4, 2008, Ms. Stewart replied to my August 2 email and declined to discuss a schedule to allow Plaintiffs to provide the corrected responses. A true and correct copy of this August 4, 2008 letter is attached hereto as **Exhibit 8** (emphasis added).

13. As part of the negotiations on the content of the questionnaire, the parties agreed that Plaintiffs' Initial Disclosures would not need to be corrected to address Defendants' concerns as long as Plaintiffs shifted their focus to completing the questionnaire. *See* March 4, 2008 email from Jeff Frazier to counsel for Defendants, a true and correct copy of which is attached hereto as **Exhibit 9**.

14. The issue of whether Plaintiffs would translate the questionnaires into English, and when it would be appropriate to require those translations, was never agreed to by the parties. In a March 3, 2008 letter to Ms. Stewart, Stephen Terrell, on behalf of Plaintiffs, objected to requiring all of the questionnaires to be translated, and suggested that only those for the initial test Plaintiffs be translated. A true and correct copy of this March 3, 2008 letter is attached hereto as **Exhibit 10**. In subsequent discussions, counsel for Plaintiffs indicated a willingness to do the translations, provided in-house translators were acceptable to Defendants, but we never agreed to a specific schedule because we were concerned that we needed to assess how long a typical translation takes of the 35-page questionnaire before we agreed to a schedule to undertake translating nearly 3,300 of them.

15. A true and correct copy of this Court's opinion in *Campbell v. Microsoft Corp*, 2006 WL 463263 (D.D.C. 2006) is attached hereto as **Exhibit 11**.

16. There are numerous studies that confirm the serious health hazards of Glyphosate (Roundup), which is the major ingredient sprayed by DynCorp under Plan Colombia. Among the specific findings on this score to date are:

- "Glyphosate-containing products are acutely toxic to animals, including humans." Further, "[i]n studies of people (mostly farmers) exposed to glyphosate herbicides, exposure is associated with an increased risk of miscarriages, premature birth, and the cancer non-Hodgkin's lymphoma." Herbicide Factsheet: Glyphosate (Roundup), *Journal of Pesticide Reform*, Vol. 18 (Fall 1998), p. 3.

- Severe esophageal, duodenal, and gastric injuries have been reported in humans exposed to glyphosate herbicides. Chang, *et al.*, "Clinical impact of upper gastrointestinal tract injuries in glyphosate-surfactant oral intoxication," *Human & Experimental Toxicol.*, Vol 18 (1999), pp. 475-478.

- Exposure to glyphosate "may produce toxic effects on the [gastrointestinal], respiratory, cardiovascular, and central nervous system." Martinez, *et al.*, "Oral and Pulmonary Toxicology of the Surfactant Used in Roundup Herbicide," *Proc. West. Pharmacol Soc.*, Vol. 34 (1991), pp. 43-46.

- Glyphosate has been established to be toxic to human placental cells. Richard, *et al.*, "Differential Effects of Glyphosate and Roundup on Human Placental Cells and Aromatase," *Env. Health Perspectives*, Vol. 113, No. 6 (June 2005), p. 716.

Executed at Washington, D.C. on the 8th of August, 2008.

Terry Collingsworth

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                                    )
ARIAS, *et al.*,                                    )
                          Plaintiffs,               )
                                                    )        Case No.1:01cv01908-RWR-DAR
            v.                                      )
                                                    )
                                                    )
DYNCORP, *et al.*,                                  )
                          Defendants.               )
———————————————————————)
                                                    )
QUINTEROS, *et al.*,                                )
                          Plaintiffs,               )
                                                    )        Case No.1:07cv01042-RWR-DAR
            v.                                      )
                                                    )
                                                    )        (Cases Consolidated for Case
                                                    )         Management and Discovery)
DYNCORP, *et al.*,                                  )
                          Defendants.               )
———————————————————————)

**EXHIBITS IN SUPPORT OF DECLARATION OF TERRY COLLINGSWORTH IN
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Filed: August 12, 2008

### INDEX TO EXHIBITS IN SUPPORT OF DECLARATION OF TERRY COLLINGSWORTH IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

**Document**                                                                                    **Exhibit**

July 25, 2008 transmittal email sent by Rosemary Stewart
to Terry Collingsworth, along with proposed consent order  . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

July 26, 2008 transmittal email sent by Terry Collingsworth
to Rosemary Stewart  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

July 29, 2008 email exchange between Rosemary Stewart and
Terry Collingsworth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

July 30, 2008 email sent by Rosemary Stewart to
Terry Collingsworth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

August 1, 2008 letter sent by Terry Collingsworth to
Rosemary Stewart  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

August 1, 2008 letter sent by Rosemary Stewart to
Terry Collingsworth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

August 2, 2008 transmittal email sent by Terry Collingsworth
to Rosemary Stewart  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

August 4, 2008 transmittal email sent by Rosemary Stewart
to Terry Collingsworth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

March 4, 2008 transmittal email sent by Jeff Frazier, counsel for Plaintiffs, to
counsel for Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

March 3, 2008 letter sent by Stephen Terrell, counsel for Plaintiffs, to
Rosemary Stewart  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Opinion by Magistrate Judge Kay of the U.S. District Court, Washington, D.C.
in *Campbell v. Microsoft Corp*, 2006 WL 463263 (D.D.C. 2006)  . . . . . . . . . . . . . . . . . . . . . . . 11

# EXHIBIT 1

## Terry Collingsworth

| | |
|---|---|
| **From:** | Stewart, Rosemary [RSTEWART@SPRIGGS.COM] |
| **Sent:** | Friday, July 25, 2008 10:46 AM |
| **To:** | Terry Collingsworth; tc@conradscherer.com; nt@iradvocates.org; nt@conradscherer.com; sterrell@elllaw.com; wlack@elllaw.com; Jeff Frazier; William Scherer; William Scherer, III; William Wichmann; Greg Barthelette ; tgirardi@girardikeese.com; psizemore@girardikeese.com; nortiz@girardikeese.com |
| **Cc:** | Lasker, Eric; Hollingsworth, Joe G. |
| **Subject:** | Arias/Quinteros v. DynCorp (D.D.C.) |
| **Attachments:** | Consent Order (4).DOC |

To:  Terry Collingsworth (and)
Other Arias and Quinteros Plaintiffs' Counsel

To follow-up our "meet-and-confer" telephone conference last Friday, 7/18/08, attached please find a copy of a proposed Consent Order.  Your agreement to this Order would avoid the defendants' filing of a motion to compel at this time.

Please let us know by early next week whether this Consent Order is acceptable to you.  If it is, we will prepare a joint motion to submit it to the Court as soon as possible.

I have read in the press that Mike Madigan is no longer at Akin Gump, so I have not sent this message to him or any of the other previous Akin Gump email recipients.  If Mr. Madigan is still "local counsel" in the Quinteros case, I would appreciate one of you forwarding this message to him (and letting me know his new email address).  Thank you.

Rosemary Stewart

Counsel to the DynCorp Defendants

## Spriggs & Hollingsworth

Rosemary Stewart

Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005
rstewart@spriggs.com

Phone: (202) 898-5888
Fax: (202) 682-1639
www.spriggs.com

Download My V-Card Information >>

This electronic message contains information from the law firm of Spriggs & Hollings

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Venancio Aguasanta Arias, *et al.*,      )<br><br>          Plaintiffs,    )<br>v.    )<br><br>DynCorp, *et al.*    )<br>        Defendants.    )<br>   ) | Case Number: 1:01cv01908 (RWR) |
| Nestor Ermogenes Arroyo Quinteros, *et al.*,    )<br><br>          Plaintiffs,    )<br>v.    )<br><br>DynCorp, *et al.*    )<br>        Defendants.    ) | Case Number: 1:07cv01042 (RWR)<br><br>(Cases Consolidated for Case Management and Discovery) |

## <u>CONSENT ORDER</u>

Having considered the parties' joint motion for modification of the Court's November 27, 2007 Scheduling Order, as amended by the parties' April 17, 2008 Consent Notice,

IT IS HEREBY ORDERED:

1.    Each of the individual plaintiffs shall provide verified, factual and complete responses to the Plaintiffs' Questionnaire, using the previously agreed-upon text of that Questionnaire. This includes but is not limited to:

    a.    Providing responses without any general qualification that the responses are based on rumor, hearsay, or other forms of evidence that are not reliable or admissible, and with the understanding that such responses may be admissible as evidence in the same manner as sworn interrogatories under Fed. R. Civ. P. Rule 33.

b.  Providing the month, day and year of each alleged exposure to the "Plan Colombia" herbicide, and then responding to all follow-up questions with respect to each such alleged exposure event;

c.  The marking of the maps appended to the Questionnaire to show where the plaintiffs, their affected farms, and/or their affected farm animals were located when each alleged exposure event occurred;

d.  The submission of medical records in accordance with the instructions in the Questionnaire by the plaintiffs who claim health injuries from their alleged exposure events, and the submission of employment records in accordance with the instructions in the Questionnaire by the plaintiffs who claim lost wages or other lost income; and

e.  Providing responses to Section VII.A of the Plaintiffs' Questionnaire to provide each individual plaintiff's monetary computation of each category of damages claimed.

2.  All of the plaintiffs' responses to the Questionnaire shall be delivered to the defendants with translations in English, and no discovery shall commence against the defendants until this has been completed.

3.  Plaintiffs shall provide English-translated responses to the Questionnaire on a rolling basis subject to the following schedule:

a.  Plaintiffs shall have delivered to defendants at least 800 English-translated Questionnaire responses by no later than 30 days from the date of entry of this Order;

b.    Plaintiffs shall have delivered to defendants at least 1,200 additional English-translated Questionnaire responses by no later than 60 days from the date of entry of this Order;

c.    Plaintiffs shall have delivered to defendants all 3,295 English-translated Questionnaire responses by no later than 90 days from the date of entry of this Order. Any plaintiff who has not provided an English-translated Questionnaire response by this date will voluntarily dismiss his/her claim.

4.    All Initial Disclosures previously made by the individual plaintiffs shall also be delivered to the defendants in English. Plaintiffs shall provide such English translations for no fewer than 50% of the Initial Disclosures by 30 days from the date of entry of this Order and shall provide English translations of 100% of the Initial Disclosures by 60 days of the date of entry of this Order.

5.    Within 110 days of the date of entry of this Order, counsel for plaintiffs and defendants shall meet-and-confer to discuss (a) the voluntary dismissal of plaintiffs who have failed to provide adequate responses to the Questionnaire as set forth herein and (b) a schedule for briefing the defendants' motions to dismiss such remaining plaintiffs as defendants believe also should be dismissed based upon alleged inadequacies in their Questionnaire responses. Plaintiffs agree that any resulting dismissals shall be with prejudice and that plaintiffs are not entitled to, and shall not seek, any further opportunity to supplement their Questionnaire responses in support of their responses to such motions to dismiss.

6.    All remaining dates set out in the November 27, 2007 Scheduling Order and the April 17, 2008 Consent Notice will be held in abeyance. The Court will hold its next status conference in this case on November 25, 2008. At least 5 days prior to that date, the

3

parties shall file a Joint Status Report that (a) advises the Court as to any voluntary

dismissals and the proposed briefing schedule for motions to dismiss arising from

plaintiffs' submission of their Questionnaire responses, and (b) proposes a new schedule

for the commencement and completion of merits discovery in these cases and for other

pretrial procedures.  If the parties cannot agree to a proposed schedule, they shall set out

their separate proposals for scheduling in the Joint Status Report and the Court will

address the open issues at the status conference.


Dated: _____          _____
                                        RICHARD W. ROBERTS
                                        United States District Judge



564129v1

# EXHIBIT 2

## Terry Collingsworth

| | |
|---|---|
| **From:** | Terry Collingsworth [tc@iradvocates.org] |
| **Sent:** | Saturday, July 26, 2008 8:27 AM |
| **To:** | Stewart, Rosemary |
| **Cc:** | <tc@conradscherer.com>; <nt@iradvocates.org>; <nt@conradscherer.com>; <sterrell@elllaw.com>; <wlack@elllaw.com>; Jeff Frazier; William Scherer; William Scherer, III; William Wichmann; Greg Barthelette; <tgirardi@girardikeese.com>; <psizemore@girardikeese.com>; <nortiz@girardikeese.com>; Lasker, Eric; Hollingsworth, Joe G. |
| **Subject:** | Re: Arias/Quinteros v. DynCorp (D.D.C.) |

Rosemary, Bill Scherer and I will meet with our folks doing the field work Monday and will
get back to you. Cheers,

Terry Collingsworth
202-543-5811
202-255-2198 (cell)

# EXHIBIT 3

**Terry Collingsworth**

| | |
|---|---|
| **From:** | Terry Collingsworth [tc@iradvocates.org] |
| **Sent:** | Tuesday, July 29, 2008 5:28 PM |
| **To:** | Stewart, Rosemary |
| **Cc:** | <tc@conradscherer.com>; <nt@iradvocates.org>; <nt@conradscherer.com>; <sterrell@elllaw.com>; <wlack@elllaw.com>; Jeff Frazier; William Scherer; William Scherer, III; William Wichmann; Greg Barthelette; <tgirardi@girardikeese.com>; <psizemore@girardikeese.com>; <nortiz@girardikeese.com>; Lasker, Eric; Hollingsworth, Joe G. |
| **Subject:** | Re: Arias/Quinteros v. DynCorp (D.D.C.) |

We are in the midst of meeting. I return tomorrow. We will have a counterproposal by
Friday. Regards

Terry Collingsworth
202-543-5811
202-255-2198 (cell)

On Jul 29, 2008, at 4:09 PM, "Stewart, Rosemary"
<RSTEWART@SPRIGGS.COM> wrote:

> Hello Terry,
>
> Did you have your meeting on Monday?  And do you have a response for
> us about the proposed Consent Order?
>
> Rosemary Stewart
> Spriggs & Hollingsworth
> Counsel to the DynCorp Defendants
>
> -----Original Message-----
> From: Terry Collingsworth [mailto:tc@iradvocates.org]
> Sent: Saturday, July 26, 2008 8:27 AM
> To: Stewart, Rosemary
> Cc: <tc@conradscherer.com>; <nt@iradvocates.org>;
> <nt@conradscherer.com>; <sterrell@elllaw.com>; <wlack@elllaw.com>;
> Jeff Frazier; William Scherer; William Scherer, III; William Wichmann;
> Greg Barthelette; <tgirardi@girardikeese.com>;
> <psizemore@girardikeese.com>; <nortiz@girardikeese.com>; Lasker, Eric;
> Hollingsworth, Joe G.
> Subject: Re: Arias/Quinteros v. DynCorp (D.D.C.)
>
> Rosemary, Bill Scherer and I will meet with our folks doing the field
> work Monday and will get back to you. Cheers,
>
> Terry Collingsworth
> 202-543-5811
> 202-255-2198 (cell)
>
>
> This electronic message contains information from the law firm of
> Spriggs & Hollingsworth, which may be confidential or privileged.
> The information is for the use of the individual or entity named
> above.  If you are not the intended recipient, be aware that any
> disclosure, copying, distribution or use of the contents of this
> message is prohibited.  If you have received this electronic
> transmission in error, please notify us immediately at (202) 898-5800.
>

1

# EXHIBIT 4

See attached letter re: proposed consent order

-----Original Message-----
From: Stewart, Rosemary [mailto:RSTEWART@SPRIGGS.COM]
Sent: Wednesday, July 30, 2008 11:28 AM
To: Terry Collingsworth
Cc: tc@conradscherer.com; nt@iradvocates.org; nt@conradscherer.com; sterrell@elllaw.com;
wlack@elllaw.com; Jeff Frazier; William Scherer; William Scherer, III; William Wichmann;
Greg Barthelette; tgirardi@girardikeese.com; psizemore@girardikeese.com;
nortiz@girardikeese.com; Lasker, Eric; Hollingsworth, Joe G.
Subject: RE: Arias/Quinteros v. DynCorp (D.D.C.)

Terry,

We carefully considered your requests and explanations made during our "meet and confer"
in preparing the proposed Consent Order sent to you last Friday, and the order contains as
many concessions to the individual plaintiffs as our clients are willing to accept.
Considering the impending deadlines under the current scheduling order, we are not in a
position to delay this matter any longer or to accept or discuss any substantive changes
to the proposed Consent Order.  Accordingly, unless we receive your favorable response by
COB tomorrow, we shall file the defendants' motion to compel.

Rosemary Stewart
Spriggs & Hollingsworth
Counsel to the DynCorp Defendants

-----Original Message-----

# EXHIBIT 5



**Conrad & Scherer**
Attorneys at Law

Ft. Lauderdale, Florida  •  Washington, DC  •  Quito, Ecuador

August 1, 2008

**Via Email**
Rosemary Stewart
Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

Re: *Arias v. Dyncorp*

Dear Rosemary:

As promised in my email sent from Ecuador on Tuesday, July 29, after I had a chance to meet with our team, this is our response to your proposed consent order. Your July 30 response was not helpful, nor was it appropriate to the circumstances. As you know, we waited nearly a week for your proposal, and we are certainly entitled to a few days to meet with our team, learn the facts, and respond to your proposal based on those facts. Your threat to "file the defendants' motion to compel" if we failed to immediately accept your proposed consent order without change constitutes *prima facie* bad faith in a process in which we are meeting and conferring to reach a mutually-acceptable compromise to a fairly unique problem. Further, a motion to compel filed in the midst of discussion in which we are not disputing your entitlement to the information at issue, and are working on a process to get you that information as soon as we reasonably can, would not only be premature, it would be an abuse of process. Finally, your statement that you took all of our points into consideration in drafting the proposed consent order borders on the outrageous as you include provisions in your draft that were never discussed with us and that are not remotely reasonable.

We are taking this process very seriously. Bill Scherer and I went to Ecuador for three days this week to meet with our team to learn what the problems were in getting the initial questionnaires to you in a useable format and to work with our team to develop a reasonable proposal to complete the process. We could not possibly respond properly to your draft consent order until we had completed those discussions. Based on the discussions, and our careful review of your proposal, we require the following changes to the draft:

1. Delete paragraph 1 in its entirety. The questionnaire speaks for itself, and whether Plaintiffs' actual  responses are adequate is a question to be taken up once we have responded.

Your proposal is nothing more than an attempt to get us to stipulate to your position on the legal questions we have yet to address, but which will be determined based on the law, not any backdoor stipulation proposed by you. We did agree that whatever responses we do provide will be our final responses for purposes of a motion to compel. If, once you get our responses, you feel they are not adequate, then, as in all cases, you will have the right to move to compel and to argue your points. The sole issue at this stage is agreeing to a process to get you all of the information that we have in a reasonable time frame.

2. In paragraph 3c, we do not agree with the last sentence that the remedy for any plaintiff failing to provide a translated questionnaire is "voluntary dismissal." Obviously, the specific reason for not competing a particular questionnaire is highly relevant, and if, for example, we can not locate one or more person among the expected 3,295 questionnaires, we as counsel could not "voluntarily dismiss" without consent of the client.

3. Eliminate paragraph 5 in its entirety. As discussed in item 2 above, these provisions are overreaching in the extreme. We agree to meet and confer to discuss appropriate action based on the responses. We cannot legally or ethically bind our clients to any harsh penalties absent a case-by-case consideration of the facts as to a particular person's inability to complete a questionnaire. The only voluntary dismissals we might propose are if any of our clients tell us that they decline to participate further in the case and therefore refuse to submit a questionnaire. We do not anticipate any of these cases.

4. As to the schedule, and as we discussed in our meet and confer, we agree with paragraph 3 (a) that you will get the initial 800 responses within 30 days. However, as the responses come to us in Spanish, we require an additional 15 days to ensure the translations to English. Thus, you will get the Spanish versions in 30 days, and the translations in 45 days. The remaining dates of paragraph 3b and 3c are acceptable.

Please make these changes to the consent order and we will sign it. I note that none of the changes we seek here were the subject of our meet and confer, except for the schedule. We are responding here for the first time to your proposals. The meet and confer process is, by design, one of discussion and compromise. If you have any alternative suggestions for addressing our concerns, let me know. I look forward to hearing from you.

Regards,

Terry Collingsworth



**Conrad & Scherer**
Attorneys at Law

# EXHIBIT 6



Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Rosemary Stewart
202.898.5888
rstewart@spriggs.com

August 1, 2008

Terry Collingsworth, Esq.
Conrad & Scherer, L.L.P.
731 8th St. S.E.
Washington, D.C. 20003

Re:  *Arias v. DynCorp*, No. 01-cv-1908 (RWR) and
     *Quinteros v. DynCorp*, No 07-cv-1042 (RWR) (D.D.C.)

Dear Terry:

This responds to your letter of today in which you suggest changes to the Consent Order that we sent to all plaintiffs' counsel a week ago. We remain willing to discuss and consider a consent resolution of the matters set out in DynCorp's motion to compel filed earlier today, but we are unable to accept any of the changes that you have proposed because the result would be to eliminate the specificity needed to assure that the plaintiffs understand what is expected of them under the Court's previous directions and Rules 26(a) and 33. Nonetheless, we do appreciate your confirming that you are "not disputing [our] entitlement to the information at issue."

Your suggestion that defendants have acted in bad faith in the meet-and-confer process is wholly without merit. As you are aware, plaintiffs have failed to meet their disclosure and discovery obligations repeatedly over the past six months, starting with their inadequate and untranslated Initial Disclosures in January 2008, and the defendants have repeatedly agreed in good faith to plaintiffs' requests for extensions in lieu of motions practice. It has now been more than eight months since plaintiffs represented to the Court their ability to provide necessary information establishing the bases for the individual plaintiffs' claims. We have yet to receive any such information.

We also do not understand your contention that our proposed Consent Order contains subjects not discussed with plaintiffs' counsel as the members of our team clearly recall that the subjects referenced in each paragraph of the Consent Order *were* referenced during the July 18th meet and confer telephone call. That call concluded with our agreement to prepare a Consent Order to set out what the defendants would need regarding those same subjects as well as to

Spriggs & Hollingsworth
YEARS

Terry Collingsworth, Esq.
August 1, 2008
Page 2

record our willingness to give plaintiffs some extra time to complete the Questionnaires and to get them translated into English. This is precisely what the Consent Order did, and if it is not satisfactory to plaintiffs, it is time for the Court to resolve the remaining disagreements.

Sincerely,

Rosemary Stewart

Rosemary Stewart

Counsel to the DynCorp Defendants

cc:    All *Arias* and *Quinteros* Plaintiffs' Counsel

560838v1

# EXHIBIT 7

---------------------------------------------

From: Terry Collingsworth[SMTP:TC@IRADVOCATES.ORG]
Sent: Thursday, August 07, 2008 8:37:21 PM
To: Terrence Collingsworth; tc@iradvocates.org.
Subject: Fw: Arias/Quinteros v. DynCorp (D.D.C.)
Auto forwarded by a Rule

1. ----- Original Message -----

**From: <u>Terry Collingsworth</u>**

**To: <u>Stewart, Rosemary</u>** ; <u>tc@conradscherer.com</u> ; <u>nt@iradvocates.org</u> ;
<u>nt@conradscherer.com</u> ; <u>sterrell@elllaw.com</u> ; <u>wlack@elllaw.com</u> ;
<u>tgirardi@girardikeese.com</u> ; <u>psizemore@girardikeese.com</u> ; <u>Jeff Frazier</u> ; <u>William Scherer</u> ;
<u>William Scherer, III</u> ; <u>William Wichmann</u> ; <u>Greg Barthelette</u> ; <u>nortiz@girardikeese.com</u>

**Cc: <u>Lasker, Eric</u>** ; <u>Hollingsworth, Joe G.</u>

**Sent:** Saturday, August 02, 2008 6:28 PM

**Subject:** Re: Arias/Quinteros v. DynCorp (D.D.C.)

Dear Rosemary,

I have consulted with my colleagues, and we are all clear that the sole issue we discussed with your team *in the context of a consent order* was a modification to the schedule. While we did have vastly different views on the other issues, it was absolutely not a result of our discussion that we agreed to include your legal contentions as stipulations in the consent order. You are not, for example, seriously contending that we discussed with you and agreed to voluntarily dismiss all plaintiffs who miss their response deadline, regardless of the reason? The sole agreement we reached was that we would give you all of the information we could that was responsive, and that we would not take the position later that we could or would supplement further and thereby further delay a motion to compel. Thus, we were focused solely on the schedule for completing our responses. If you are interested in having an academic argument about whether our complete responses, which you have yet to receive, are adequate, we are not interested. We need to agree on the schedule to get you the responses, and only then can you assess whether a motion to compel is warranted. As we agreed to your proposed schedule with the sole change that, while we agree we will get you the first 800 responses within 30 days, we need 45 days to guarantee the translations, your response is not at all clear. If there are remaining issues that we discussed and failed to reach agreement on, let us know. If your position is that you want to submit competing versions of a proposed modification to the scheduling order, we are fine with that. Please clarify your position and let's move forward with this issue. Regards, Terry

p.s. I'm happy to report that Michael Madigan remains as counsel in both cases.

# EXHIBIT 8



Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Rosemary Stewart
202.898.5888
rstewart@spriggs.com

August 4, 2008

Terry Collingsworth, Esq.
Conrad & Scherer, L.L.P.
731 8th St. S.E.
Washington, D.C. 20003

        Re:    *Arias v. DynCorp*, No. 01-cv-1908 (RWR) and
                *Quinteros v. DynCorp*, No 07-cv-1042 (RWR) (D.D.C.)

Dear Terry:

    This is in response to your email of Saturday evening, August 2, 2008, which I have just read this morning. Hopefully, you have now had a chance to read the defendants' motion to compel filed last Friday, which reveals the numerous problems we have with the individual plaintiffs' disclosures to date. My two letters that preceded our "meet and confer" telephone conference on July 18, 2008 (attached as Exhibits J and L to the motion) outlined these same issues, which were again summarized in our July 18th conference. Defendants' proposed Consent Order fairly and clearly represented what it would take to resolve these same concerns short of Court intervention. Your wish to resolve the motion to compel by proposing only another extension of time for plaintiffs to produce the next round of inadequate Questionnaire responses does not come close to resolving the issues identified in our motion and prior correspondence.

    Thank you for telling us about Mike Madigan. You may wish to refer him to D.D.C. LCvRules 11.1 and 83.15(c) about notifying the Court and other attorneys in each case within 10 days of an address change. If you (or he) will provide us with his new e-mail address, we will resume sending him copies of our correspondence.

              Sincerely,

              Rosemary Stewart
              Counsel to the DynCorp Defendants

cc:    All *Arias* and *Quinteros* Plaintiffs' Counsel

566581v1

# EXHIBIT 9

## Stephen Terrell

| | |
|---|---|
| **From:** | Jeff Frazier [JLF@conradscherer.com] |
| **Sent:** | Tuesday, March 04, 2008 1:29 PM |
| **To:** | asheedy@akingump.com; lulrich@akingump.com; mmadigan@akingump.com; William Scherer, III; Greg Barthelette ; William Wichmann; William Scherer; Stephen Terrell; Walter Lack; jlenze@girardikeese.com; psizemore@girardikeese.com; tgirardi@girardikeese.com; nt@iradvocates.org; tc@iradvocates.org; RSTEWART@spriggs.com |
| **Cc:** | ELasker@spriggs.com; jhollingsworth@spriggs.com |
| **Subject:** | Re: Quinteros Plaintiffs' Questionnaire |

Dear Rosemary,

1. Thanks for your work on this. We will translate and return to you for your review.

2. Regarding the disclosures, we have conferred with the Ecuadorian team and would like to move forward quickly on these questionnaires in electronic format as we discussed rather than revisiting the disclosures. We believe that with the technology described, we can have the questionnaires done well within the dates of the existing schedule and probably before. As discussed, the output will be in Access format that will avoid the challenges of Excel with written certifications and maps where GPS data is unavailable.

Sincerely,

Jeff

>>> "Stewart, Rosemary" <RSTEWART@SPRIGGS.COM> 03/04/08 01:31PM >>>
To: Stephen Terrell and Jeff Frazier (cc: other Quinteros and Arias plaintiffs' counsel)

Attached please find what we believe to be the "FINAL" version of the Quinteros Plaintiffs' Questionnaire. We have made all the edits that were "handwritten" in the 2/29/08 draft of the Questionnaire, which we discussed with both of you last Friday. The additional questions that have been edited as a result of our discussion that same day have been highlighted with lines in the right margin, for your convenience.

With respect to HIPAA, we continue to believe that it does not apply to requests or authorizations for medical records of non-USA medical care providers such as those whose records we will be seeking in this litigation. On the other hand, we do not object if you wish to insert standard HIPAA language in the "Exhibit A - Authorization for Release of Medical Records" attached to the Questionnaire. In this regard, the language now in Exhibit A is consistent with HIPAA, but we believe that the following ADDITIONAL disclosures are also necessary to make the authorization fully HIPAA-compliant:

    "I also understand with respect to this authorization that: the information to be released will be used in connection with the above-captioned litigation; this authorization will cease to be effective when that litigation concludes; I have a right to revoke this authorization unless the above-named Medical Care Provider has already taken action in reliance on this authorization; that the above-named Health Care Provider cannot condition the provision of treatment, payment, enrollment in a health care plan or eligibility for benefits on my providing this authorization; the information disclosed pursuant to this authorization may be subject to redistribution by the recipients to their clients, agents, employers, contractors, experts, the Court and others deemed necessary by the recipients to assist in the litigation."

If you opt to use this language, we suggest that is be inserted as a new paragraph on p. 2 of the Authorization for Release of Medical Records, BETWEEN the two paragraphs that now appear after the identification of the defendants' and the plaintiffs' counsel.

It is our understanding that the next step of the Plaintiffs' Questionnaire process will be for you to have it translated into Spanish after which you will send it to us to "check" your translation.

Rosemary Stewart

Spriggs & Hollingsworth
1350 I Street NW
Washington DC 20005
(202) 898-5888

This electronic message contains information from the law firm of Spriggs & Hollingsworth, which may be confidential or privileged.  The information is for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error, please notify us immediately at (202) 898-5800.

# EXHIBIT 10

LAW OFFICES

ENGSTROM, LIPSCOMB & LACK

A PROFESSIONAL CORPORATION

10100 SANTA MONICA BOULEVARD, 16ᵀᴴ FLOOR

LOS ANGELES, CALIFORNIA 90067-4107

TELEPHONE 310-552-3800

FACSIMILE 310-552-9434

PAUL W. ENGSTROM
LEE O. LIPSCOMB
WALTER J. LACK
JERRY A. RAMSEY
STEVEN C. SHUMAN
ELIZABETH LANE CROOKE
BRIAN D. DEPEW
GARY A. PRAGLIN
ROBERT J. WOLFE
DANIEL G. WHALEN
BRIAN J. HEFFERNAN
ADAM D. MILLER
RICHARD P. KINNAN
PAUL A. TRAINA
BRIAN J. LEINBACH
JOY L. ROBERTSON

ANN A. HOWITT
MARK E. MILLARD
ROBERT T. BRYSON
JARED W. BEILKE
STEVEN J. LIPSCOMB
ELIZABETH A. HERNANDEZ
STEPHEN R. TERRELL
GREGORY P. WATERS
ALEXANDRA J. THOMPSON

GLORIA S. WELLER
DIRECTOR OF ADMINISTRATION

JOHN ALVA
LITIGATION SUPPORT

March 3, 2008

**VIA ELECTRONIC MAIL & U.S. MAIL**

Rosemary Stewart, Esq.
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005

> **RE:** *Quinteros v. DynCorp*
> Our File No.: 38000/3069

Dear Ms. Stewart:

This letter addresses the translation issue we discussed at the February 29, 2008 meet and confer. Other issues raised at that meeting will be addressed in different correspondences.

As I understand it, DynCorp proposes that the Plaintiffs agree to split the costs of translating all questionnaire responses and Spanish language medical/employment records. We cannot agree to such a proposal at this time.

The Court has indicated that this case will be tried in phases, with a limited number of Plaintiffs being tried at one time. Therefore, there is no point in translating 2,800 questionnaires when the first phase trial may only involve 10 or 20 Plaintiffs. Furthermore, there is no point translating all of the questionnaires when we do not even know at this time which Plaintiffs will be in the first trial group. Similarly, there is no point translating medical and employment records for 2,800 Plaintiffs when only a small fraction of those documents will be used at trial.

Both sides are capable of internally using Spanish language documents and can perform their own in-house translations. When we get a trial group, we will be willing to discuss retaining a neutral and joint translator to provide a certified English translation of trial Plaintiffs' questionnaires for use with the Court and at trial. Similarly, we will be willing to consider a joint certified translation of medical records or employment records that are trial exhibits.

*/ / /*

Rosemary Stewart, Esq.
March 3, 2008
Page 2

As always, if you have any questions or concerns, please feel free to contact me.

Sincerely,

Stephen R. Terrell

cc:    Counsel (via e-mail)
299028

# EXHIBIT 11

Westlaw.

Not Reported in F.Supp.2d                                           Page 1
Not Reported in F.Supp.2d, 2006 WL 463263 (D.D.C.)
**2006 WL 463263 (D.D.C.)**

**C**
Campbell v. Microsoft Corp.
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Barbara CAMPBELL, Plaintiff,
v.
MICROSOFT CORP., Defendant.
**No. Civ.A.04-2060(RWR)AK.**

Feb. 24, 2006.

Kevin E. Byrnes, Wade & Byrnes, P.C., Alexandria, VA, for Plaintiff.
Carson H. Sullivan, Neal D. Mollen, Paul, Hastings, Janofsky & Walker, LLP, Washington, DC, for Defendant.

*MEMORANDUM OPINION AND ORDER*

ROBERTS, J.
**\*1** Plaintiff Barbara Campbell sued defendant Microsoft Corporation for employment discrimination based upon plaintiff's sexual orientation in violation of the District of Columbia Human Rights Act. After Magistrate Judge Alan Kay denied the plaintiff's motion to compel and awarded costs to the defendant, plaintiff filed a motion for reconsideration or, in the alternative, an objection under Federal Rule of Civil Procedure 72 seeking review of the magistrate judge's ruling. In its opposition, the defendant requests that the additional costs of opposing this motion be awarded. Because the magistrate judge's decision is not clearly erroneous or contrary to law, plaintiff's motion will be denied. Because additional costs are not warranted, defendant's request will be denied.

*BACKGROUND*

During discovery, plaintiff submitted to the defendant two sets of interrogatories and requests for documents. Approximately one month later, defendant submitted objections to all those interrogatories and

document requests, indicating that those requests exceeded the number the court set. On the same day, plaintiff's counsel sent defendant a heated, two-paragraph e-mail accusing the defendant of discovery abuses, and stating in capital letters, "I CAN NOT BEGIN TO EXPRESS MY DISTASTE FOR SUCH TACTICS."(Pl.'s Mot. to Compel Disc. Resps. and for Costs ("Pl.'s Mot. to Compel"), Ex. E.) The next day, defendant responded to plaintiff's e-mail in a three-page letter, explaining the factual and legal basis for defendant's position, and making overtures to confer about several ways to resolve the dispute. (*See* Def.'s Opp'n to Pl.'s Mot. to Compel Disc. Resps. and for Costs ("Def.'s Opp'n"), Ex. C.) Plaintiff then revised some interrogatories and withdrew others, and defendant subsequently served its objections and answers to all the interrogatories and document requests that remained. (*Id.,* Ex. E & F.)

After this exchange, the plaintiff moved under Federal Rule of Civil Procedure 37 to compel discovery responses and for costs. This motion was signed not by plaintiff's counsel of record, however, but by Gregory M. Wade, plaintiff's counsel's partner. Defendant responded to the plaintiff in a nine-page letter, further clarifying its objections and attempting to resolve the dispute without the involvement of the court. Defendant also noted that although Wade certified that he tried in good faith to secure disclosure without court action, Wade in fact never spoke with defendant's counsel about the dispute or about any other matter. (Def.'s Opp'n, Ex. A.) Plaintiff's one-page response wholly ignored the defendant's repeated requests in its letter to confer about these discovery disputes. (*Seeid.,* Ex. B.) Magistrate Judge Kay denied the plaintiff's motion to compel, finding that plaintiff had failed adequately to confer with defendant in a good faith effort to resolve the dispute before filing the Rule 37 motion, and awarding costs to the defendant to be paid by plaintiff's counsel personally. Plaintiff now seeks review and reversal of Magistrate Judge Kay's order

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 463263 (D.D.C.)
**2006 WL 463263 (D.D.C.)**

under Rule 72(a) and Local Civil Rule 72.2(c).

### DISCUSSION

**\*2** "A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute" in the district court. *Neuder v. Battelle Pac. Nw. Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C.2000). When a nondispositive matter is reviewed by the district court, the "magistrate judge's decision is entitled to great deference."*Neuder,* 194 F.R.D. at 292. The district court supervising the magistrate "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."Fed.R.Civ.P. 72(a).*See also* LCvR 72.2(c) ("[A] judge may modify or set aside any portion of a magistrate judge's order under this rule found to be clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *see also Ho v. United States,* 374 F.Supp.2d 82, 83 (D.D.C.2005).

"Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."*Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990) (citations omitted).*See, e.g.,Neuder,* 194 F.R.D. at 292;*Federal Savings & Loan Ins. Corp. v. Commonwealth Land Title Ins.,* 130 F.R.D. 507, 508 (D.D.C.1990).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."*United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see also Virtual Def. & Dev. Int'l, Inc. v. Republic of Moldova,* 133 F.Supp.2d 9, 20

(D.D.C.2001) (citing *Gypsum* when reviewing a magistrate judge's discovery order); *Neuder,* 194 F.R.D. at 292 (citing *Gypsum* when reviewing a magistrate judge's discovery order); *Federal Savings & Loan Ins. Corp.,* 130 F.R.D. at 508-09 (citing *Gypsum* when reviewing a magistrate's nondispositive order)..

### I. MAGISTRATE JUDGE KAY'S ORDER

#### A. *Good faith requirement of Rule 37*

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."Fed.R.Civ.P. 37(a)(2)(A). The term "good faith" is not defined in Rule 37, but generally encompasses "honesty in belief or purpose, faithfulness to one's duty or obligation ... or absence of intent to defraud or to seek unconscionable advantage."Black's Law Dictionary 713 (8th ed.2004); *see also Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 171 (D.Nev.1996) (citing Black's Law Dictionary for guidance on the Rule 37 "good faith" requirement).

**\*3** A comparison of the parties' conduct before and after plaintiff moved to compel supports the magistrate judge's conclusion that plaintiff did not behave in a spirit of cooperation in seeking a resolution before involving the court. Plaintiff's curt e-mail did not exude cooperativeness. By contrast, defendant's three-page response not only explained its position but also offered to discuss a solution to the dispute. At minimum, the defendant's action demonstrated its amenability to resolutions not involving the court; more charitably, it produced some progress in the discovery exchange. Defendant's response to plaintiff's revised discovery requests was met not with plaintiff's effort to confer, but rather with a premature motion to compel hastily filed containing misrepresentations. Plaintiff's certification that Wade conferred in good faith was wrong.[FN1]Furthermore, although the plaintiff argued that the de-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 3
Not Reported in F.Supp.2d, 2006 WL 463263 (D.D.C.)
**2006 WL 463263 (D.D.C.)**

fendant had not specified precise objections to plaintiff's interrogatories (*see* Pl.'s Mot. to Compel at 2), defendant's Objections and Revised Responses to Plaintiff's First Set of Interrogatories did provide an answer or objection to each interrogatory and production request. The defendant contacted plaintiff in a letter even after plaintiff filed her motion to compel, again attempting to confer with the plaintiff and resolve their discovery disputes without further court involvement. (*See* Def.'s Opp'n, Ex. A.)

> FN1. It also violated Federal Rule of Civil Procedure 11(a) ( "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name.") since it was not signed by a counsel of record in this case.

The plaintiff also claimed that her motion to compel should be granted because the defendant failed to sign its answers and objections-a claim shown to be false by the record-and because the defendant has more resources and a bigger office. Magistrate Judge Kay concluded that "[p]laintiff's assertions are at best frivolous and at wors[t] unfounded or totally irrelevant [and that] [p]laintiff's actions fall short of the basic good faith requirement of Rule 37."(Mem. Order of Aug. 2, 2005 at 6.) Magistrate Judge Kay's determination that the plaintiff had violated Federal Rule 37(a)(2)(A)'s requirement to confer in good faith is not clearly erroneous.

### B. *Awarding costs under Rule 37*

Rule 37(a)(4)(B) states that when a motion to compel is denied, the moving party or the moving party's attorney shall pay the defending party's reasonable expenses incurred in opposing the motion unless the failed motion was substantially justified or other circumstances make an award unjust. A party is substantially justified if "reasonable people could differ" as to the appropriateness of the motion. *Alexander v. FBI*, 186 F.R.D. 144, 147 (D.D.C.1997).

Magistrate Judge Kay decided that reasonable people could not disagree that plaintiff's motion to compel was inappropriate. Plaintiff's counsel failed to state in detail the deficiencies in defendant's discovery responses and instead relied on general conclusory statements. (*See* Pl.'s Mot. to Compel at 1-10; Def.'s Opp'n at 6-17.) Plaintiff's counsel failed to attempt to resolve the dispute with defendant's counsel before filing the motion to compel. (*See* Def.'s Opp'n at 2.) Plaintiff's motion to compel contained no supporting authority and, as is noted above, plaintiff's counsel of record had not signed the Rule 37 certification. (Pl.'s Mot. to Compel at 16.) Finally, the record supports Magistrate Judge Kay's conclusion that "when Plaintiff did communicate with Defendant, it was acrimonious and not in a spirit of cooperation, while Defendant actively and courteously sought to resolve the dispute prior to and after Plaintiff filed her motion."(Mem. Order at 7.) Because Magistrate Judge Kay's order denying plaintiff's Motion to Compel and awarding defendant's costs is not "clearly erroneous or contrary to law,"*see Neuder*, 194 F.R.D. at 292 (citations omitted), plaintiff's motion will be denied.

### II. DEFENDANT'S REQUEST FOR COSTS

*\*4 The defendant also requests an award of costs to oppose the plaintiff's Rule 72 motion. Unlike Rule 37, neither Rule 72(a) nor Local Civil Rule 72.2(c) explicitly provides for an award of attorneys' fees to a party. Through its inherent powers, however, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'  " *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (internal citations omitted); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This inherent power "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. While a district court has some discretion to award costs, that discretion should be exercised only when a party's inappropriate conduct meets the high threshold of bad faith. *See id.* at 44-45 ("A

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 463263 (D.D.C.)
**2006 WL 463263 (D.D.C.)**

Page 4

primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). In the pending motion, however, only the plaintiff's actions in filing her Rule 72 motion may be considered when deciding whether to award defendant costs. The defendant has offered no evidence that the plaintiff objected to the magistrate judge's order in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska,* 421 U.S. at 258-59. Plaintiff's actions at this stage do not warrant awarding the defendant its costs in opposing the plaintiff's latest motion, particularly in light of Magistrate Judge Kay's award of costs to defendant for its opposition to the plaintiff's motion to compel. Therefore, the defendant's request for its costs in opposing plaintiff's motion for reconsideration will be denied.

### CONCLUSION AND ORDER

The plaintiff has failed to show that Magistrate Judge Kay's order denying plaintiff's motion to compel was clearly erroneous. Plaintiff's objection to the order, however, does not warrant awarding defendant additional costs. Accordingly, it is hereby

ORDERED that plaintiff's Motion [29] for Reconsideration or in the Alternative Rule 72 Objections be, and hereby is, DENIED. It is further

ORDERED that defendant's request [33] for its costs in opposing plaintiff's Rule 72 motion be, and hereby is, DENIED.

D.D.C.,2006.
Campbell v. Microsoft Corp.
Not Reported in F.Supp.2d, 2006 WL 463263 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.