# EXHIBIT D

Excerpts of July 17, 2009 Hearing Transcript

*1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: NESTOR ERMOGENES ARROYO QUINTEROS, et al., Plaintiffs, v. DYNCORP AEROSPACE OPERATIONS, et al., Defendant. | ) ) ) Civil Action ) No. 07-1042 ) No. 01-1908 ) ) July 17, 2009 ) 9:15 a.m. ) ) Washington, D.C. ) ) ) ) ) |

*TRANSCRIPT OF STATUS CALL PROCEEDINGS*
*BEFORE THE HONORABLE RICHARD W. ROBERTS*
*UNITED STATES DISTRICT JUDGE*

APPEARANCES:

For the Plaintiffs:   CONRAD & SCHERER, LLP
**William R. Scherer, Esq.**
633 South Federal Highway
Suite 800
Fort Lauderdale, FL   33302
(954)462-5500

CONRAD & SCHERER, LLP
**Terrence P. Collingsworth, Esq.**
731 8th Street,
Washington, DC   20001
(202)543-4001

ENGSTROM, LIPSCOMB & LACK
**Brian J. Leinbach, Esq.**
10100 Santa Monica Blvd.
16th Floor
Los Angeles, CA   90067
(310)552-3800

09:31AM  1          MS. STEWART: Yes.
09:31AM  2          THE COURT: It seems to me that there are two measures
09:31AM  3  that make sense. One is that if there are plaintiffs who have
09:31AM  4  provided, at least according to the defense, sufficient
09:31AM  5  information about dates of exposure, either because they've given
09:31AM  6  specific dates, days, months, years, times, and so on, or other
09:31AM  7  sufficient information about exposure times, those plaintiffs
09:31AM  8  ought to be able to say where they were at the time that they
09:31AM  9  alleged they were exposed.
09:31AM 10          If those plaintiffs have not identified where they were by
09:31AM 11  the means that you all had agreed to, namely having those
09:31AM 12  plaintiffs who've identified the dates sufficiently of exposure
09:31AM 13  but not say where they were, it seems to me that's just too late
09:32AM 14  and those plaintiffs ought to be out.
09:32AM 15          Secondly, if the plaintiffs have not provided a sufficient
09:32AM 16  and reasonable quantity of information or any information about
09:32AM 17  what they are saying by way of damages, how they were harmed, in
09:32AM 18  what way they were harmed -- I can see that it's fair to not
09:32AM 19  require, for example, a rural resident who has not gotten any
09:32AM 20  kind of an expert to assess a dollar figure regarding the value
09:32AM 21  of lost time in the field or they may not necessarily be able to
09:32AM 22  attach a dollar figure to harmed animals and so on, but if they
09:32AM 23  provided no information to give the defense any idea about, well,
09:33AM 24  what kind of exposure do we have with regard to this particular
09:33AM 25  plaintiffs' claim for damages, that is the kind of thing that

```
09:33AM   1    counsel and assistants could certainly have provided help for
09:33AM   2    those plaintiffs to have put forward, that's the kind of
09:33AM   3    plaintiff that also ought not -- it's just too late and ought to
09:33AM   4    be among those dropped.  What I'm going to do, though, is rather
09:33AM   5    than have me do this, I'm going to direct the parties, at least
09:33AM   6    with those two measurements, to get together, whether you use
09:33AM   7    Mr. Massij's chart or you use something else.  Certainly you
09:33AM   8    would want to begin some of that assessment by looking at the
09:33AM   9    responses to the questionnaires.  It may be that some of the
09:33AM  10    information on the questionnaires regarding damages can be a
09:33AM  11    baseline for judgments made by the defense about exposure and
09:34AM  12    some of them may not.  But I want you all to get together and
09:34AM  13    file with me or file electronically a joint proposal or status
09:34AM  14    report within a reasonable period of time, and I'll hear from you
09:34AM  15    about what you think that ought to be, regarding those plaintiffs
09:34AM  16    that would meet, at minimum, those two measurement criteria:
09:34AM  17    Those plaintiffs who had identified significantly or sufficiently
09:34AM  18    dates of exposure but have not said where they were by marking a
09:34AM  19    map or otherwise providing that data and those plaintiffs who
09:34AM  20    have not come forward with some identification of damage.
09:34AM  21            Now, I understand that there may be folks who were not on
09:34AM  22    a payroll who got regular payroll sheets and they can't come
09:34AM  23    forward and say here are the documents that show I was docked X
09:35AM  24    amount of time from work and so on.  That may not be operative in
09:35AM  25    some of these rural areas.  But for a plaintiff to come forward
```

| | | |
|---|---|---|
| 09:35AM | 1 | with a claim and to be able to ask for and establish damages, |
| 09:35AM | 2 | there's got to be some kind of measurement of what those damages |
| 09:35AM | 3 | are, even if it's, you know, I had six heads of live stock that |
| 09:35AM | 4 | died and collapsed. If that's not even identified on the form, |
| 09:35AM | 5 | the defendants' really not going to know with regard to that |
| 09:35AM | 6 | plaintiff what are we really facing here. |
| 09:35AM | 7 | So, with regard to those two measurements, I would ask you |
| 09:35AM | 8 | all to sit down, make a good faith effort to identify the group |
| 09:35AM | 9 | of plaintiffs who would fit at least those two criteria. I |
| 09:35AM | 10 | understand there are other objections that the defendants have |
| 09:35AM | 11 | lodged with regard to exact dates of exposure. It may well be |
| 09:35AM | 12 | that they just don't know. And I did require them, the |
| 09:35AM | 13 | plaintiffs, to provide information that they know. If they just |
| 09:36AM | 14 | don't know when they think they were exposed but think they were |
| 09:36AM | 15 | exposed because of symptoms that someone has that is potentially |
| 09:36AM | 16 | linked to this spray, I don't see it appropriate to kick those |
| 09:36AM | 17 | plaintiffs out if they can't say what they don't know. But |
| 09:36AM | 18 | clearly plaintiffs who know or believe the dates of exposure are |
| 09:36AM | 19 | going to know where they were on the dates they've identified as |
| 09:36AM | 20 | their exposure, and plaintiffs who have claimed that they have |
| 09:36AM | 21 | been damaged in some way need to be able to come forward at any |
| 09:36AM | 22 | trial and identify what that damage was. |
| 09:36AM | 23 | So, I would ask you all to get together and identify, as |
| 09:36AM | 24 | best you can, some list of plaintiffs out of that Group C, which |
| 09:36AM | 25 | I guess has now expanded by potentially 105, and present to me |

| | | |
|---|---|---|
| 10:12AM | 1 | we came and talked with you the last time, Your Honor, the same |
| 10:12AM | 2 | doctor, medical expert had reviewed every single one of the |
| 10:12AM | 3 | questionnaires, and his opinion was that the claims of damages, |
| 10:12AM | 4 | the injuries were consistent with exposure to glyphosate, so he |
| 10:12AM | 5 | had actually done the individual review of every single |
| 10:12AM | 6 | questionnaire.  He had simply opined that those claims were |
| 10:12AM | 7 | associated with glyphosate exposure in a single report, and so |
| 10:12AM | 8 | the criticism that plaintiffs' counsel -- that was placed on |
| 10:12AM | 9 | plaintiffs' counsel was that we didn't attach that report to |
| 10:12AM | 10 | every single questionnaire, and we felt that that type of general |
| 10:12AM | 11 | approach was consistent with your comments, as well as the |
| 10:13AM | 12 | general nature of these types of initial disclosures. |
| 10:13AM | 13 | After judge magistrate's comments, we began the individual |
| 10:13AM | 14 | process where we have now the physician looking at every single |
| 10:13AM | 15 | questionnaire, identifying complaints, reaching the opinion that |
| 10:13AM | 16 | those complaints are consistent with glyphosate exposure.  That's |
| 10:13AM | 17 | one report.  Next one.  And now we're doing that sort of |
| 10:13AM | 18 | individualized report that apparently Judge Magistrate Robinson |
| 10:13AM | 19 | thought was appropriate. |
| 10:13AM | 20 | THE COURT:  I must tell you I agree with her, and it's |
| 10:13AM | 21 | entirely consistent with what I've said from the beginning.  We |
| 10:13AM | 22 | may lapse into vocabulary about *Lone Pine*, which is not what I've |
| 10:13AM | 23 | been using, but I have made it clear that there's got to be some |
| 10:13AM | 24 | individualized assessments with regard to each individual |
| 10:13AM | 25 | plaintiff and each individual plaintiff's complaints about harm |

| | | |
|---|---|---|
| 10:13AM | 1 | or damage and that those prior reports did not do it.  Anyway, |
| 10:14AM | 2 | let me hear from the defense. |
| 10:14AM | 3 | Just from a logistical point of view, have you now been |
| 10:14AM | 4 | receiving these 300 and some odd reports on some rolling basis? |
| 10:14AM | 5 | MR. LASKER:  We have, Your Honor.  Some of them we just |
| 10:14AM | 6 | received this morning, but we have had an opportunity to review |
| 10:14AM | 7 | others. |
| 10:14AM | 8 | THE COURT:  All right. |
| 10:14AM | 9 | MR. LASKER:  And the information that's been provided, |
| 10:14AM | 10 | actually the plaintiffs described this in their objections to the |
| 10:14AM | 11 | magistrate judge's order, and they actually attached one of these |
| 10:14AM | 12 | new statements.  And the way they described what they are now |
| 10:14AM | 13 | doing is on page 12 of their objections.  They described it as a |
| 10:14AM | 14 | mechanical process in which they are having their expert or |
| 10:14AM | 15 | having somebody simply list the information in the questionnaire, |
| 10:15AM | 16 | the name of the plaintiff, where they live, if that information |
| 10:15AM | 17 | was provided, what illnesses are set forth in the medical |
| 10:15AM | 18 | background history in the questionnaire, and then the same |
| 10:15AM | 19 | boilerplate statement which appears in each one of these |
| 10:15AM | 20 | responses that "in my opinion this is consistent with and could |
| 10:15AM | 21 | have been caused by glyphosate."  And that is all they provide |
| 10:15AM | 22 | with these new statements. |
| 10:15AM | 23 | And what the plaintiffs stated in their objections to the |
| 10:15AM | 24 | magistrate judge's May 5th order is that "this will do little to |
| 10:15AM | 25 | provide DynCorp with additional information on plaintiffs' |

| | | |
|---|---|---|
| 10:30AM | 1 | which does require a 7M meeting. Having said that, however, that |
| 10:30AM | 2 | does not vitiate the fact that the reports before that that had |
| 10:30AM | 3 | been provided did not comply with what I had asked for from the |
| 10:30AM | 4 | beginning. The magistrate judge was quite right that they didn't |
| 10:30AM | 5 | and that the reports did not comply, and I find no error in her |
| 10:30AM | 6 | conclusions that the individualized expert assessments were |
| 10:30AM | 7 | required. I also don't find any error in her deciding that the |
| 10:31AM | 8 | request for the stay should have been denied and setting some |
| 10:31AM | 9 | deadline by which the kinds of reports that I had asked for for |
| 10:31AM | 10 | months and months and that the magistrate judge had apparently |
| 10:31AM | 11 | also insisted upon over time need to be presented. |
| 10:31AM | 12 | The other argument, I guess, is that the sanction imposed |
| 10:31AM | 13 | has been imposed upon indigent plaintiffs. I probably need to go |
| 10:31AM | 14 | back to the order. But to the extent that the order imposed the |
| 10:31AM | 15 | sanction upon the individual plaintiffs, this sanction was |
| 10:31AM | 16 | imposed, in effect, because of the failure of counsel to provide |
| 10:31AM | 17 | the kind of reports that the Court had directed be supplied. |
| 10:31AM | 18 | This was not really a fault or failing of individual plaintiffs. |
| 10:31AM | 19 | So, to the extent there's any interpretation of the sanction |
| 10:31AM | 20 | order as being one requiring costs to come out of the pockets of |
| 10:32AM | 21 | the plaintiffs, I think it's more appropriate to interpret that |
| 10:32AM | 22 | as an imposition of a cost sanctioned on counsel. So this is not |
| 10:32AM | 23 | one where plaintiffs are going to be required to dig up the cost |
| 10:32AM | 24 | payments out of their own pocket, but that counsel will, since |
| 10:32AM | 25 | counsel had not supplied the kinds of individualized expert |

| Time | # | |
|---|---|---|
| 10:32AM | 1 | assessments that the Court had been calling for over time. |
| 10:32AM | 2 | So, the objections to the magistrate judge's ruling of |
| 10:32AM | 3 | May 5th, which I believe were filed, Mr. Smith, as Number 103, |
| 10:32AM | 4 | and the additional objection, I guess, to the magistrate judge |
| 10:32AM | 5 | failing to order a stay on her deadline, I think that was filed |
| 10:32AM | 6 | as, Mr. Smith, Number 123, those objections will be overruled. |
| 10:32AM | 7 | That does leave us, I suppose, with some issue of, |
| 10:33AM | 8 | somewhat suspended, what kind of timeframe are we on? The |
| 10:33AM | 9 | magistrate judge's deadline of July 3rd in theory is still in |
| 10:33AM | 10 | place. The plaintiffs are saying they are now proceeding with |
| 10:33AM | 11 | trying to comply. It does seem that the compliance at least has |
| 10:33AM | 12 | begun with what, 300 or so produced? It sounds as though there |
| 10:33AM | 13 | will be what, 2700 more or so? I'm not quite sure what the |
| 10:33AM | 14 | number will be. But let me hear from the defense with regard |
| 10:33AM | 15 | to -- and the plaintiffs with regard to some schedule on which |
| 10:33AM | 16 | this ought to be proceeding. |
| 10:33AM | 17 | MR. COLLINGSWORTH: Your Honor, I just wanted to make one |
| 10:33AM | 18 | information update in order to not slow the process down. The |
| 10:34AM | 19 | original 200 and now 327 that we did produce, they were all of |
| 10:34AM | 20 | the people in their universe of suggested test plaintiffs as well |
| 10:34AM | 21 | as ours, so we wanted to make sure we were not holding up that |
| 10:34AM | 22 | process. So, our position is that once we select the test |
| 10:34AM | 23 | plaintiffs, we're obligated to produce these reports, as Your |
| 10:34AM | 24 | Honor has said, but they won't slow us down as long as we're |
| 10:34AM | 25 | sure, and we are sure, that the test plaintiffs' reports have |