UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VENACIO AGUASANTA ARIAS, et al.,

Plaintiffs,

v.

DYNCORP, et al.,

Defendants.

Civil Action No. 01-1908
RWR/DAR

(consolidated with Civil Action No. 07-1042 for discovery and case management purposes)

**MEMORANDUM OPINION AND ORDER**

Defendants' Motion for Sanctions Against the *Arias/Quinteros* Plaintiffs for Violations of Discovery Orders ("Motion for Sanctions") (Document No. 176) is pending for determination by the undersigned.[1] Upon consideration of the motion; Plaintiffs' Opposition to Defendants' Motion for Sanctions Against the *Arias/Quinteros* Plaintiffs ("Plaintiffs' Opposition") (Document No. 185); Defendants' Reply Brief in Support of Motion for Sanctions Against the *Arias/Quinteros* Plaintiffs for Violations of Discovery Orders ("Defendants' Reply") (Document No. 186); Defendants' Supplemental Memorandum of Law in Support of Their January 26, 2010 Motion for Sanctions Against the *Arias/Quinteros* Plaintiffs for Their Violations of Discovery Orders ("Defendants' Supplemental Memorandum") (Document No. 190); Plaintiffs' Supplemental Brief in Support of Their Opposition to Defendants' Motion for Sanctions Against

---

[1] *Arias, et al. v. DynCorp, et al.* (Civil Action No. 01-1908) and *Quinteros, et al. v. DynCorp, et al.* (Civil Action No. 07-1042) are consolidated for case management and discovery. The document numbers cited herein correspond to the ECF entries in *Arias*.

the *Arias/Quinteros* Plaintiffs ("Plaintiffs' Supplemental Memorandum") (Document No. 191), and the entire record herein, the motion will be denied.

**BACKGROUND**

Plaintiffs – who now number approximately 3,200 citizens of the Republic of Ecuador – seek monetary and injunctive relief for personal injuries and property damages allegedly caused by the actions of Defendants with respect to their contract with the United States to spray pesticides over cocaine and heroin crops in the Republic of Columbia. *See generally* First Amended Consolidated Complaint (Document No. 23).[2]

A detailed account of the course of discovery which provides the context in which the instant dispute arises appears in *Arias v. DynCorp Aerospace Operations, LLC,* 677 F. Supp. 2d 330 (D.D.C. 2010). Of immediate relevance is the determination of the court, during the management of discovery, to require that the individual Plaintiffs complete questionnaires regarding the "factual basis of their claims". *Id.* at 332-33.[3] The court thereafter required that 20 so-called "test Plaintiffs" be made available to be deposed by Defendants.

In the pending motion for sanctions, Defendants represent that in October and November, 2009, they took the depositions of the 20 test Plaintiffs, and that during the depositions, "each of the test [P]laintiffs repeatedly departed from their [sic] earlier sworn Questionnaire responses regarding the purported factual bases for their [sic] claims . . . and relied instead on *new*

---

[2] The court (Roberts, J.) granted Defendants' motion for judgment on the pleadings with respect to the claims of the Ecuadorian provinces of Sucumbios, Carchi and Esmeraldas (collectively, the "provincial Plaintiffs") on the ground that they lacked standing to sue. *Arias v. DynCorp*, No. 07-1042, 2010 WL 3700274, at * (D.D.C. September 15, 2010).

[3] The court (Roberts, J.) ultimately dismissed *with prejudice* the Plaintiffs whose questionnaire responses were incomplete. *Id.* at 334.

allegations of *different* purported exposures and damages." Motion for Sanctions at 1. Defendants submit that "[t]he test [P]laintiffs' disavowals of the most basic elements of their prior sworn disclosures . . . makes clear that [they] have willfullly and repeatedly violated Court Orders over the past two years in which the Court required 'verified, factual and complete' disclosures, with the explicit warning of dismissal for noncompliance." *Id.* (footnote omitted).[4]

Defendants maintain that the "unambiguous violations of the Court's Orders" by the test Plaintiffs "require[s] that each of the test [P]laintiffs' claims be dismissed with prejudice. *Id.* at 2. In the alternative, Defendants principally ask that if the test Plaintiffs are allowed to proceed to trial, then "they be precluded from offering any argument to explain away their misconduct and that the jury be instructed by the Court that the [test Plaintiffs] provided false answers under oath in their 2008 Questionnaire responses." *Id.*[5]

Plaintiffs, in their opposition, generally maintain that Defendants have failed to demonstrate that the imposition of any sanction – particularly the harsh sanction of dismissal – is warranted. Plaintiffs characterize any discrepancies between the test Plaintiffs' questionnaire responses and their deposition testimony as "minor testimonial inconsistencies," and submit that a jury "[should be allowed] to make credibility determinations where any testimonial inconsistencies actually exist." Plaintiffs' Opposition at 4; *see also id.* at 3-16, 21-30, 36; Plaintiffs' Supplemental Memorandum at 2-5 (Rule 37 sanctions "are simply not an available

---

[4] Defendants further submit that therefore neither they nor the court "can have any confidence in the accuracy of the Questionnaire responses of the 2.001 *other* individual [P]laintiffs who remain . . . in these cases." *Id.* (footnote omitted).

[5] Defendants submit that the claims of the remaining individual Plaintiffs should not be allowed to proceed until such Plaintiffs, among other things, "have provided meaningful assurance that they have provided accurate factual disclosures in their Questionnaire responses[.]" *Id.* at 3.

remedy for any minor . . . inconsistencies between interrogatory responses (or similar submissions) and deposition testimony.").

Defendants, in their reply, submit that Plaintiffs have failed "to rebut" Defendants' showing that the test Plaintiffs "[h]ave [k]nowingly [v]iolated [t]he Court's [d]iscovery [o]rders." Defendants' Reply at 6. More specifically, Defendants submit that "[t]he issue is whether the Court-ordered factual disclosures set forth in each individual test [Plaintiff's] Questionnaire response are 'verified, factual, and complete,' as the Court has required. They are not." *Id.*; *see also* Defendants' Supplemental Memorandum at 2 ("the test [P]laintiffs' own deposition testimony revealed material misstatements and omissions in their 2008 Questionnaire responses," and that the misstatements and omissions *"related to the same foundational facts that the Court expressly addressed in its discovery orders[.]"*).

**DISCUSSION**

Defendants rely entirely upon Rule 37 of the Federal Rules of Civil Procedure in support of their motion for sanctions. While Defendants generally maintain that the test Plaintiffs "[h]ave [k]nowingly [v]iolated [t]he Court's [d]iscovery [o]rders[]" (Defendants' Reply at 6), the premise of their motion remains the assertion that "the test [P]laintiffs' own deposition testimony revealed material misstatements and omissions in their 2008 Questionnaire responses . . . *which related to the same foundational facts that the Court expressly addressed in its discovery orders[.]"* Defendants' Supplemental Memorandum at 2.

Rule 37(b)(2)(A) provides for an array of sanctions, including the dismissal of an action whole or in part. *See generally Moore v. Chertoff,* 255 F.R.D. 10, 30-32 (D.D.C. 2008), *aff'd*

*sub nom. Moore v. Napolitano*, No. 00-953, 2009 WL 2450280, at *9 (D.D.C. August 7, 2009). However, the very terms of the rule cabin the court's authority to impose any sanction pursuant to Rule 37(b)(2)(A) to an instance in which "a party . . . fails to obey an order to provide or permit discovery[.]" *Robinson-Reeder v. Am. Council on Educ.*, 262 F.R.D. 41, 43 (D.D.C. 2009); *see also Azamar v. Stern*, 269 F.R.D. 53, 54-55 (D.D.C. 2010) (imposition of Rule 37 sanctions appropriate "because Stern has repeatedly failed to respond to plaintiffs' written discovery requests."); *Perez v. Berhanu*, 583 F. Supp. 2d 87, 90 (D.D.C. 2008) (Rule 37 sanctions appropriate "because defendants repeatedly failed to respond to plaintiffs' written discovery requests and [one defendant] failed to appear for his deposition.").

The undersigned finds that Defendants have failed to demonstrate that the test Plaintiffs have failed to obey an order directing that they provide discovery. Rather, Defendants utilize their motion for Rule 37 sanctions as a mechanism by which to address their concern that the deposition testimony of the test Plaintiffs varied from the questionnaire responses of the test Plaintiffs. However, the undersigned knows of no authority which supports the proposition that a court, pursuant to Rule 37, can make determinations regarding which one of two arguably inconsistent discovery responses is accurate, or otherwise address the credibility of the party who served the responses.

Even were the court to find, on the basis of Defendants' proffers and arguments, that the test Plaintiffs -- or any one of them -- had willfully violated a discovery order of this court, it is unlikely that dismissal would be regarded as the appropriate sanction. This Circuit has held that "dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would obviously prove futile." *Bonds v. District of Columbia*, 93

F.3d 801, 808 (D.C. Cir. 1986) (citations and internal quotations omitted); *see also Henry v. Onsa*, No. 05-2406, 2008 WL 552627, at *2 (D.D.C. Feb. 27, 2008) (*citing Bonds*, 93 F.3d at 808) ("[D]ismissal is a severe sanction, and should be restored to only to the extent necessary to induce future compliance and preserve the integrity of the system[.]"); *c.f. Arias,* 677 F. Supp. 2d at 332 (dismissing with prejudice the claims of the individual Plaintiffs who failed to submit completer questionnaire responses "[in violation of] multiple explicit court orders, and no lesser sanction is appropriate[.]").

**CONCLUSION**

For the foregoing reasons, it is, this 10th day of December, 2010,

**ORDERED** that Defendants' Motion for Sanctions Against the Arias/Quinteros Plaintiffs for Violations of Discovery Orders (Document No. 176) be **DENIED.**

                                                                        /s/
                                                                        DEBORAH A. ROBINSON
                                                                        United States Magistrate Judge